**LAKELAND R–III SCHOOL DISTRICT, Plaintiff-Appellant,**

v.

**OSCEOLA INDEPENDENT SCHOOL DISTRICT, Defendant-Respondent.**

No. 10385.

Missouri Court of Appeals, Springfield District.

July 10, 1978.

Dan K. Purdy, Osceola, for plaintiff-appellant.

Kerry D. Douglas, Douglas & Douglas, Bolivar, for defendant-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Action by the Lakeland R–III School District, formerly the Lowry City C–4 School District, against the Osceola Independent School District to recover tuition for three students allegedly assigned to the suing district by the St. Clair County Court pursuant to § 167.121 and § 179.220 RSMo 1969, for three school years from 1972–75. The trial court entered judgment for defendant, and the Lakeland School District appealed.

The facts, as developed by the evidence, are that a Mrs. Bourland, a resident of the Osceola Independent School District, applied to the St. Clair County Court for the assignment of her three children to the Lowry City School District. The only evidence presented to the trial court showing the action taken by the county court on the application is a minute entry dated August 28, 1972.

"Upon application of Mrs. Bourland for the assignment of her three children from the Lowry School to the Osceola School the following communication was made to the superintendents of the Osceola and Lowry City Schools;

"It is agreeable with the County Court for the three Blackwell children, Scherrie, Roger and Debra, to attend the Lowry City School rather than the Osceola School.

"There should be an agreement between the schools as to any fee to be paid either by the parents or the school.

"It is advisable that you contact your local State Supervisor of schools to be correct on this matter in order to receive your proper state aid.

"/s/
"Travis Payne, Jr.,
"Presiding Judge."

The county court, in an entry of July 23, 1973, "confirmed" the 1972 entry. This entry provided, "Herbert Sisco, Superintendent, Lowry City School. In re transfer of Blackwell children from Osceola School District. Action of the County Court of August 28, 1972. Confirmed by present Court." No action was taken by the county court concerning the assignment of the Blackwell children to the Lowry City School for the 1974–1975 school year.

The Blackwell children attended the Lowry City School for three school years from 1972 through 1975. After each year, the superintendent of the Lowry City School certified the children's attendance to the Osceola School. Although demand was made for the tuition or costs of instruction,

the Osceola School District declined to pay, and the plaintiff district brought this action.

If a school in another district is more accessible a student may be assigned to the other district under § 167.121 RSMo 1969. By virtue of § 179.220(7) RSMo 1969, the county court was given authority to assign students. The statute provides, "In any circumstance in which . . . [a] duty [must be] performed, which would have been performed by the county superintendent if the office had not been abolished, the county court . . . shall make the necessary arrangements . . . on its order . . . to perform the duty." The issue presented in this appeal is whether the minute entries of the St. Clair County Court were orders assigning the Blackwell children to plaintiff district, thereby obligating defendant to pay the tuition.

The plain and ordinary meaning of the word "order" is a direction or command authoritatively given. *G——— v. Souder*, 305 S.W.2d 883 (Mo.App.1957); Black's Law Dictionary 4th ed. While administrative orders are to be liberally construed in order to make them operative if possible, *State ex rel. Gehrs v. Public Service Commission of Missouri*, 232 Mo.App. 1018, 114 S.W.2d 161 (1938), there is no language in the minute entries of the county court directing or commanding the assignment of the Blackwell children to the plaintiff school district.

When viewed in its entirety, the August 28, 1972, minute entry indicates the St. Clair County Court did not envision an assignment of students under § 167.121 RSMo 1969. Had the transfer been pursuant to that statute, the Osceola district would have been obligated automatically by statute to pay the tuition of the transferred students. The minute entry does not impose that obligation on the defendant district. Instead the court suggests the schools make an agreement on the fee to be paid and indicates that the parents might be required to pay tuition costs.

The July 23, 1973 minute likewise fails to direct the assignment of the children to Lowry City School. It merely proposes to "confirm" the action of the county court under the August 28, 1972 entry. Since the prior entry failed to order a transfer a subsequent confirmation would be ineffective to order a transfer. No assignment of the Blackwell children to plaintiff district resulted from these minute entries, and it is not entitled to recover tuition from defendant for the 1972–73 and 1973–74 school years.

The authority to assign pupils to other school districts was vested in the county board of education under an amendment to § 167.121, which became effective July 1, 1974. See § 167.121 RSMo Supp.1975. The board of education took no action to assign the Blackwell children to the plaintiff school, and the St. Clair County Court had no power to assign them for the 1974–75 school year.

Assuming the county court had the authority to assign students, the evidence shows it did not exercise it. Further the original minute entry makes no mention of any application to subsequent school years. See *School Dist. of Mexico, Mo. v. Maple Grove School Dist.*, 359 S.W.2d 743 (Mo. 1962). The fact that the county court "confirmed" the August 28, 1972 entry indicated the court felt that the first entry would not be effective to assign the students in future years. This coupled with the lack of action by the county board of education, resulted in no assignment of the Blackwell children for the 1974–1975 school year. The plaintiff district is, therefore, not entitled to recover for that year.

Judgment of the trial court is affirmed.

TITUS, J., concurs.

FLANIGAN, J., filed dissenting opinion.

FLANIGAN, Judge, dissenting.

I respectfully dissent.

I agree with that portion of the majority opinion which denies plaintiff recovery for the 1974–1975 school year. The county court had no authority to make pupil assignments for that year. The amendment of § 167.121, which became effective on

July 1, 1974, vested such authority in the county board of education.

With respect to the school years 1972–1973 and 1973–1974, it is my opinion that plaintiff, the receiving district, should recover the tuition of each of the pupils or the prorata cost of instruction, whichever is the lesser, as the statute commands.

I agree that the county court entry of August 28, 1972, is poorly drafted. As the trial court pointed out, its opening paragraph refers to an application for assignment "from the Lowry School to the Osceola School," when in fact the requested assignment was from Osceola to Lowry. The trial court found that obvious clerical error to be insignificant and I agree with that view. Had the children been residents of the Lowry District, there would have been no occasion for their mother's application for an assignment.

Long ago our supreme court pointed out that "orders of boards or courts administered by men not trained in the law must be construed not strictly but according to their intent." *Greenfield v. Petty*, 346 Mo. 1186, 145 S.W.2d 367, 371[10] (1940). The holding of the majority is, it seems to me, inconsistent with that principle. The majority opinion gives no effect whatsoever to the entry of August 28, 1972, or the "confirmation entry" of July 23, 1973. Surely the county court, by the making of those entries, *intended* to assign the three children to the Lowry District. The county court was not merely transmitting a neighborly communication evincing that the assignment was "agreeable" to the court.

It is clear from the entry of August 28, 1972, that Mrs. Bourland applied for the assignment of her three children. Giving the second paragraph of the entry of August 28, 1972, the liberal construction to which it is entitled, I find that the county court intended to, and did, sustain that application. Such action alone was sufficient to trigger the operation of § 167.121.

The statute did not require that the sending district or receiving district be given notice of the action of the county court. *Red School Dist. No. 1 v. West Alton School Dist. No. 2*, 162 S.W.2d 305, 305[1] (Mo.App. 1942). It appears from the record that the county court in fact notified the two school districts, the notice consisting of the last three paragraphs of the entry of August 28, 1972. This notice, gratuitously given, should not disturb the legal effect of what the county court had intended to accomplish and, in my opinion, did accomplish.

The last two paragraphs of the entry of August 28, 1972, should be disregarded as surplusage. Once the assignment was made, the statute imposed upon the sending district the obligation to pay the tuition of the pupils assigned, although the tuition may not exceed the prorata cost of instruction. The county court had no power to alter that statutory result.

The entry of August 28, 1972, refers to "any fee" but it does not refer to tuition. It may be that the county court, in using the term "any fee," was referring to that type of fee recently discussed by our supreme court in *Concerned Parents v. Caruthersville School District*, 548 S.W.2d 554 (Mo. banc 1977). The court in that case, l.c. 562, distinguished such fees from the tuition referred to in § 167.121 and other statutes pertaining to tuition.

Under both the prior and the present form of § 167.121, the sending district is required to make payment, within the statutory limits, to the receiving district. In the case at bar the receiving district fully performed its role. The county court entries of August 28, 1972, and July 23, 1973, are, in my view, adequate to manifest the court's intent. Careless draftsmanship should not deprive the receiving district of its statutory benefits.