Leafa McCLURE (Plaintiff), Respondent,

v.

PRINCETON REORGANIZED SCHOOL DISTRICT R–5 OF MERCER AND GRUNDY COUNTIES, Missouri (Defendant), Appellant.

No. 22963.

Kansas City Court of Appeals, Missouri.

Oct. 5, 1959.

See also 307 S.W.2d 726.

A. B. Walker, Princeton, for appellant.

Herbert S. Brown, Trenton, for respondent.

CAVE, Presiding Judge.

In a trial before the court without a jury, the plaintiff recovered a judgment against the defendant in the amount of $2,400 for an alleged breach of a teacher's contract for the school year 1955–56. From this judgment, the defendant perfected its appeal.

A general statement of the facts is advisable. On and prior to January 1, 1955, there existed in Mercer County 43 rural school districts, one of which was Nigh School District No. 85. There were other districts with which we are not concerned.

On January 31, 1955, a petition was filed for the purpose of consolidating said 43 districts into a reorganized district. An election was held on the following March 14th and the vote favored the consolidation. An interim board of directors was elected, and on April 7th, at the regular school election, a new board of directors was elected. This reorganized district was

designated "Consolidated District C–2". Subsequent to the events giving rise to this cause of action, Consolidated C–2 became a part of Reorganized School District R–5, the defendant in this case. This subsequent reorganization is of no importance relative to the issues on this appeal, except that defendant R–5 will be required to pay the judgment if affirmed. There is no dispute about that being correct.

The material facts giving rise to this suit are: That plaintiff had a teacher's contract with the *Nigh District* for the teaching year of 1953–54, which was entered into on April 13, 1953; and that on April 7, 1954, she was again employed by the Nigh District for the school year of 1954–55, which would end in April, 1955. However, on February 11, 1955, the board of directors of Nigh District entered into a written contract with her to teach the Nigh School during the year of 1955–56. This is the contract upon which the suit is founded. It will be observed that this contract was entered into about one month prior to the formation of Reorganized District C–2.

This cause was here on a prior appeal and our opinion is reported in 307 S.W.2d 726, 729. The trial court had dismissed plaintiff's petition on the ground that it did not state a cause upon which relief could be granted. We held that the contract of February 11th "amounted to compliance on the part of both parties with the notice required by Section 163.090;" hereafter quoted. We also held that, according to the petition, plaintiff was a regularly employed teacher in the Nigh School at the time of the execution of the contract of February 11th; that on that date she was *re-employed* for the following school year; that the contract was not an *original employment*; and that there was nothing in the pleadings to indicate that plaintiff's *re-employment* contract had been terminated by *giving her proper notice* in writing. The cause was remanded and tried before the court resulting in a judgment for plaintiff. On this appeal the principal question is whether the contract of February 11th was legally terminated.

In an effort to terminate the contracts of the teachers in the districts which were merged into Reorganized District C–2, the board of directors entered in its records the following, as of April 11, 1955: "The secretary of the board was ordered to record a copy of the letter which was sent to the teachers of schools which will be closed due to consolidation, in the minutes of the secretary's book". The letter therein referred to was also made a part of the record and reads: "Since your District is now a part of Consolidated School District No. C–2 of Mercer County, Missouri, and will no longer be operated as a separate school, therefore in accordance with Section 163.-090 Mo.Revised Statutes of 1949 [V.A. M.S.], you are hereby notified that your services as a teacher are no longer required and your last year's contract as a teacher is not renewed but please feel free to apply for a position in the Consolidated District if you desire employment as a teacher for the coming school year." This letter was signed by the president of the board; was sent to all the teachers interested; and it is admitted that plaintiff received her letter on April 12th.

The question is, Did this order and letter legally terminate plaintiff's contract of February 11th? Statutory authority for terminating a contract of a teacher is found in Section 163.090.

This section, among other things, provides: " * * * It shall be the duty of each and every board having one or more teachers under contract to notify each and every such teacher in writing concerning his or her re-employment or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of a board to give such notice shall constitute re-employment on the same terms as those provided in the contract of the current fiscal year; and not later than the first day of May of the same year the board shall present to

each such teacher not so notified a regular contract the same as if the teacher had been regularly re-employed. Any teacher who shall have been informed of re-election by written notice or tender of a contract shall within fifteen days thereafter present to the employing board a written acceptance or rejection of the employment tendered; and failure of a teacher to present such acceptance within such time shall constitute a rejection of the Board's offer. Any contract given a teacher may be terminated at any time by mutual consent of the teacher and the board. When the board of directors of any school district deems it advisable to close the school and send the pupils elsewhere rather than employ a teacher, said board of directors shall have power to terminate any contract continued under the provisions of this section by giving the teacher written notice of such termination not later than the first day of July next following the teacher's *re-employment*." (Italics ours.)

This section was specifically referred to in plaintiff's contract, and also in the order of the board, and became a part of each. In our prior opinion we held that plaintiff's contract of February 11th was *re-employment*, not an *original employment*, and was within the provisions of this section.

The last sentence of this section provides in substance that the board of directors of a school district shall have the right to terminate any teacher's *re-employment* contract; (a) if the board deems it advisable to *close* the school and send the pupils elsewhere; and (b) if written notice thereof is given the teacher not later than July 1, following. This provision applies to plaintiff's contract of February 11th, as held in our prior opinion.

■ Plaintiff seems to contend that the board of directors of Consolidated District C–2 could not terminate her contract because Section 165.290 provides that when a number of districts are consolidated under certain sections, the original district

shall continue until June 30th following such organization, and then turn over its books, papers and records. This section was repealed, Laws of 1955, page 537, but was in force at the time of the instant reorganization. However, this section would not prevent the Consolidated District C–2 from terminating plaintiff's contract, if it did so properly; because after the consolidation, Nigh District "had no power to do anything except to finish the business then under way, and at the end of the school year, June 30th, make the turnover as required by (said section)." State ex rel Fleener v. Consolidated School District No. 1, Mo.App., 238 S.W. 819, 821.

Plaintiff's principal contention is that the order-letter of April 11th, supra, did not purport to close Nigh School and transport the children elsewhere, and did not purport to terminate plaintiff's re-employment contract of February 11th.

■ The actions and records of a school board, usually composed of laymen, are to be liberally construed instead of strictly and technically interpreted. If there was a substantial compliance with the statute, and no one was misled, that is all the law requires. Lowland School District No. 32 of Cooper County v. Wooldridge School District No. 34, Mo.App., 216 S.W.2d 545, and cases there cited.

With reference to the intent and purpose of the board of Consolidated District C–2, Mr. Kauffmann, a member thereof, testified, without objection:

"Q. What were you going to do with reference to the rural schools? * * * A. We were closing all rural schools.

"Q. What were you going to do with the pupils? A. They were going to be transported into our school.

"Q. I see. Now, I will ask you to tell the court whether or not all of the rural schools were closed—A. Yes—

"Q. For 1955–56? A. All of them in this consolidated program were closed."

He also testified that after the consolidation election, the new board began advertising and selling the rural school houses. It is true some of the board members had the opinion that the mere consolidation election automatically closed all the schools included within the territory. Of course, that is not necessarily so, but their erroneous opinion did not affect the intention of the board to close the schools, or change the result. They were closed.

■ We are of the opinion that the order of the consolidated district board effectively closed Nigh School for the coming year, because, in referring to that school, the order and letter stated that it "will no longer be operated as a separate school, * * * (and) your services as a teacher are no longer required * * *". There is no merit in the contention that the order was insufficient to close Nigh School. And the fact that the order did not also state that the pupils will be transported elsewhere is of no consequence because the board, of necessity, would be required to transport the pupils elsewhere.

Plaintiff also contends that the notice is insufficient to terminate her contract of February 11th with Nigh District, because the notice merely stated, "you are hereby notified that your services as a teacher are no longer required and *your last year's contract* as a teacher is not renewed, * * *". (Italics ours.) She first argues that the termination of "your services as a teacher" does not have the effect of terminating a teacher's *contract*. She cites no authority to support that extraordinarily strict construction, and we are sure there is none. Furthermore, those quoted words were followed by, "your last year's contract as a teacher is not renewed, * * *". Unquestionably, the letter was sufficient notice that plaintiff's "last year's contract" was terminated.

However, she argues that the termination of her "last year's contract" is insufficient to effectively terminate her contract of February 11th. It is conceded that the board of directors of Consolidated District C–2 had no knowledge of plaintiff's contract of February 11th at the time the notice was sent, and did not learn of the existence of such contract until sometime in August following. She argues that since the consolidated board did not know of the existence of the February 11th contract, it could not have intended to cancel the same, and that the notice does not do so.

There is more to the notice than the mere statement that "your last year's contract as a teacher is not renewed, * * *". Immediately preceding that language is the following: " * * * you are hereby notified that your services as a teacher are no longer required * * *". It seems to us this language is sufficient to notify the plaintiff that she would not be permitted to teach Nigh School the following year under any contract, condition or circumstance. The mere fact that the order referred to her *last year's contract*, would not limit the termination of her right to teach Nigh School. This is especially true since the contract was one of *re-employment*, under Section 163.090, and not an *original employment* under Section 163.080. As pointed out above, the last sentence of Section 163.090 gives a school board the right to terminate any "re-employment" contract by doing certain things, which we have held the Reorganized District C–2 board has done in this case.

Plaintiff argues that the letter of termination of her contract is so ambiguous and its meaning so doubtful that the doubt should be resolved against the school board. We do not believe the instant notice falls within that rule of construction. Plaintiff could not have been misled. The letter clearly stated that her services as a teacher "are no longer required".

■ She also argues that the board of Consolidated District C–2 should have in-

quired of the board of Nigh District to determine whether a contract had been entered into with her prior to the annual school election in April. The Consolidated District Board had no right to demand the papers and records of Nigh School until July 1st; Section 165.290. Furthermore, it could logically be argued that when plaintiff received her letter on April 12th, if she did not understand it, she should have advised the Consolidated District Board of her early contract of February 11th. However, the failure of the Consolidated District Board to inquire of the Nigh School Board; and the failure of plaintiff to notify the Consolidated Board of her prior contract, are not essential elements in determining the question before us.

Plaintiff cites Common School District No. 27 of Gasconade County v. Brinkmann, Mo.App., 233 S.W.2d 768. That case is not controlling because the board there did not give the teacher any notice, either of renewal or termination; and within the time prescribed by what is now Section 163.090, the teacher gave the board written notice that he would accept re-employment for the following year. Substantially the same factual situation existed in Dye v. School District No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874. In each case the court held that the re-employment contract had not been terminated by written notice. That is not the situation in the instant case.

It is our conclusion that plaintiff's contract of February 11th was legally terminated. It follows that the judgment should be reversed. It is so ordered.

All concur.