The SCHOOL DISTRICT OF MEXICO, MISSOURI, NO. 59, a School District in Audrain County, Missouri, Respondent,

v.

MAPLE GROVE SCHOOL DISTRICT, NO. 56, OF AUDRAIN COUNTY, Missouri, Appellant.

No. 49025.

Supreme Court of Missouri,

Division No. 1.

Sept. 10, 1962.

Don C. Carter, Sturgeon, for appellant.

Jackson A. Wright and Edwards, Wright & Seigfreid, Mexico, for respondent.

HOUSER, Commissioner.

Action by a school district against an adjoining school district to recover tuition for four pupils assigned to the suing district by the county superintendent of schools under § 165.253.[1] Tried to the court without the aid of a jury, judgment was rendered for the suing district for $3,150 and costs. Following an unsuccessful effort to obtain a new trial the losing district appealed. We have jurisdiction because this appeal involves the construction of Article III, Sec. 23 of the Constitution of Missouri, 1945, V.A.M.S.

Briefly stated, the facts are that prior to October, 1954 the Dr. Kallenbach family lived in the Mexico school district, and the two school age children of the Kallenbachs attended school in that district. Interested in purchasing the Winn farm, which was located in adjoining Maple Grove school district, Dr. Kallenbach consulted Mr. Maxwell, the county superintendent of schools, and Mr. Davenport, president of the Maple Grove school board, as to whether his children could be assigned to the Mexico district if he moved onto the Winn farm in the Maple Grove district. Dr. Kallenbach wanted to be sure where his children would go to school before buying the farm. It is five miles from the Winn farm to the school in Maple Grove district; a little less than three miles from the Winn farm to the

school in Mexico district. Assured that an assignment would be made, Dr. Kallenbach bought the Winn farm on July 7, 1954. On August 17, 1954 the county superintendent executed the assignment, as follows:

"Assignments of Pupils

"In compliance with Section 165.253, Missouri School Laws, 1952, the grade school children of Dr. Glen P. Kallenbach are assigned for school purposes to the Mexico School District No. 59 from the Maple Grove School District No. 56, Audrain County, Missouri.

"The Assignment shall become effective when the above family establishes residence in school district No. 56 (Winn Farm) and shall continue so long as the provisions of Section 165.253, Missouri School Laws, 1952 apply to this individual case. It applies to the Kallenbach children who are now of elementary age and to those children of the same family who later shall be of elementary school age.

"/s/
"Howard Maxwell, Superintendent
"Audrain County Public Schools"

That assignment has never been revoked or changed and is still in effect as far as Mr. Maxwell (still the county superintendent) is concerned. The Kallenbach family moved to the Winn farm in October, 1954. Two of the Kallenbach children continued to attend school in Mexico district during the period 1954–1956. Maple Grove refused to pay their tuition to Mexico district. Litigation followed, resulting in a judgment in favor of Mexico district, affirmed by the St. Louis Court of Appeals. School Dist. of Mexico, Mo., No. 59 v. Maple Grove School Dist.

1. All section references are to RSMo 1949, V.A.M.S. The pertinent portion of § 165.253 follllows: "Whenever any pupil is so located that an adjoining school is more accessible, the county superintendent shall have the power and it shall be his duty to assign such pupil to such adjoining district; * * * provided, the attendance of such assigned pupil shall be credited for the purpose of apportionment of state funds to the district in which the student lives, and the board of directors of the district in which said student lives shall pay the tuition of such pupil or pupils so assigned; * * *."

No. 56, Mo.App., 324 S.W.2d 369. Four Kallenbach children attended school in Mexico district 1956–1960, Nancy and James in the meantime having attained school age. Maple Grove refused to pay tuition to Mexico district on the four Kallenbach children for the period 1956–1960 and this action followed.

Maple Grove's first point is that the superintendent had no power or authority under § 165.253 to assign the Kallenbach children from Maple Grove to Mexico because they were not residing in Maple Grove at time of assignment but were residents of Mexico, attending school in Mexico. The question is whether the superintendent can make such an order, to become effective when the pupil shall establish residence in Maple Grove. The argument is that § 165.253 refers to present and not future conditions; that an officer may exercise a given power only when the conditions which authorize him to act are *present and existing;* that § 165.253 mandatorily requires residence in the district out of which the assignment is made before the superintendent can act; that in order to be assigned from X district to Y district a pupil must be "located" in (resident of) X district, so the Kallenbach children could not be assigned to Mexico at a time when they were already living in Mexico and attending school in Mexico.

In determining whether the provision of § 165.253 as to the location of a pupil at the time the assignment is made is mandatory or directory we seek to ascertain " 'the legislative intention as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished.' " State ex rel. Ellis v. Brown, 326 Mo. 627, 33 S.W.2d 104, 107. Generally, a statute regulating the manner in which public officials shall exercise their powers will be construed as directory rather than mandatory, "especially where such regulation pertains to uniformity, order and con-

venience, and neither public nor private rights will be injured or impaired thereby." Crawford's Statutory Construction, 1st Ed., 1940, § 266, pp. 529, 530, quoted with approval in State ex rel. Reorganized School Dist. No. 5, of Washington County v. Holmes, 363 Mo. 760, 253 S.W.2d 402, 404. And generally a statute regulating the duties of public officers and specifying the time for their performance will be construed directory "unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation of the power of the officer." 3 Sutherland Statutory Construction, 3rd Ed., (1943), p. 102; 67 C.J.S. Officers § 114, p. 404; State ex rel. Reorganized School Dist. No. 5, of Washington County v. Holmes, supra; Schlafly v. Baumann, 341 Mo. 755, 108 S.W.2d 363, 366.

The purpose of § 165.253 is to relieve against the hardship of boundaries and make school attendance convenient by enabling a pupil to attend the most accessible school regardless of district lines. It should be liberally construed in order to effectuate its beneficent purpose, State ex rel. Reorganized School Dist. No. 5, of Washington County v. Holmes, supra, and this is particularly true in view of the fact that the assignment of pupils is not in derogation of private rights of property; no vested rights are disturbed, and no deprivation of property ownership is involved. (The funds of school districts are the property of the state, and not the private property of the school districts. School Dist. of Oakland v. School Dist. of Joplin, 340 Mo. 779, 102 S.W.2d 909.)

Under the foregoing tests we construe the provision of § 165.253 with respect to the location of the pupil at the time the assignment is made as directory and not mandatory, and rule that the county superintendent had the permissive power to assign the Kallenbach children to Mexico, effective when they should establish their

residence in Maple Grove, notwithstanding the children at the time of the making of the order were residents of and attending school in Mexico. It is important that the assignment order imposed no obligation upon Maple Grove unless and until the Kallenbach children were "located" in Maple Grove and did not purport to actually assign these children to Mexico while or at a time when they were still residents of Mexico. The order was anticipatory and contingent upon the central requirement of the establishment of family residence in Maple Grove. We see in it the orderly and convenient administration of the assignment of pupils from one school district to another, without any injury to or impairment of public or private rights. In so ruling we confirm and uphold the opinion of the St. Louis Court of Appeals in School District of Mexico, Mo. v. Maple Grove School District No. 56, supra.

Maple Grove's second point (that the court erred in rendering judgment for the tuition of Nancy and James Kallenbach, because they were not of school age when the assignment was made) is based on the same contention, namely, that the county superintendent had no authority to make an assignment of pupils to take effect in the future, and is governed by the same considerations. The children assigned were "the grade school children of Dr. Glen P. Kallenbach." The assignment specifically applied not only to the Kallenbach children then of elementary grade school age but also "to those children of the same family who later shall be of elementary school age." The assignment was never revoked and is still in effect. The court did not err in this respect.

▇▇▇▇ Maple Grove's third point is that § 165.253 violates Article III, Sec. 23 of the Constitution of 1945, which provides that "No bill shall contain more than one subject which shall be clearly expressed in its title, * * *." Appellant complains that the title to the bill (Laws of Missouri 1931, p. 334) contains 30 or more clauses, and descends into particulars, but that "[t]he only clause of this title which could in any way indicate that the act itself was an act to obligate one common school district to pay to another common school district tuition of children residing in the debtor district is the following: 'providing for the assignment of pupils from one [school] district to another [school] district.'" Appellant's argument is that "there is nothing in the language of the title to this enactment that clearly expresses the idea that under a proviso to the enactment there would be added or engrafted legislation creating a moneyed liability by one school district to another."

We are of the opinion that the title is sufficient and that the constitution has not been violated in this respect. In addition to the clause quoted by appellant the title contains these additional clauses all of which, taken together, sufficiently express the purpose of the act to provide for the payment of tuition on assigned pupils by one school district to another:

> "defining certain terms, prescribing certain duties to be performed by the state and county superintendents of schools; providing for state support and defining conditions under which such support may be obtained; * * * providing for the apportionment of the public school funds of the state; * * providing for the assignment of pupils from one school district to another school district; providing for free tuition in certain instances; * * *."

The payment of tuition of assigned pupils is fairly related to the subject of "apportionment of the public school funds of the state" between school districts within the compass of the quoted clauses in the title. Such payment is simply a method of apportioning the tax money between school districts. The public funds acquired by school districts are not the private property of the school districts but belong to the state,

which may apportion such funds in the best interests of education. The school district is a statutory trustee for the discharge of this function of government, which by the constitution is entrusted to the state. School Dist. of Oakland v. School Dist. of Joplin, supra, 102 S.W.2d, l. c. 915.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.