**Don MELOY, Plaintiff-Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT R-1 OF REYNOLDS COUNTY, Defendant-Respondent.**

**No. 12431.**

Missouri Court of Appeals, Southern District, Division Three.

March 29, 1982.

Joseph J. Russell, J. Michael Payne, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for plaintiff-appellant.

Gene Gulinson, Curtis W. Carle, Bonnie Keaton, Salem, for defendant-respondent.

FLANIGAN, Judge.

This non-jury action was instituted by plaintiff Don Meloy against defendant Reorganized School District R–I of Reynolds County, a six-director school district. Plaintiff was first employed by defendant as the principal of an elementary school for the school year 1974–75. He was reemployed in that position for the four succeeding school years, the last being 1978–79. On April 6, 1979, plaintiff was given written notice by the secretary of the school board that at a special meeting of the board held on April 5, 1979, the board voted "not to renew your contract for the 1979–80 school year."

Count I of the petition pleaded that plaintiff had tenure as a "permanent teacher" of the defendant's school system under the

provisions of § 168.104(4)[1] and sought a court order requiring the defendant to recognize plaintiff's status as a permanent teacher, and also sought damages for loss of salary. Count II made no mention of § 168.104(4) nor did it mention plaintiff's alleged status as a "permanent teacher." This count did allege that the action taken by the board on April 5 and April 6, 1979, "was not in conformity with Missouri statutes applicable to the situation." The prayer of Count II was for an order reinstating plaintiff as elementary principal and for back pay.

Neither side invoked Rule 73.01(a)(2) permitting a request for findings of fact and a statement of the grounds for the trial court's decision, and the trial court made no such findings or statement. After the trial the trial court entered judgment in favor of the defendant. Plaintiff appeals.

There is no significant factual dispute. Plaintiff takes the position that the trial court erred in ruling against him on Count II and, further, even if that attacked ruling was correct, the trial court erred in denying him relief on Count I. The latter contention will be considered first.

The trial court's ruling denying him relief on Count I was erroneous, contends the plaintiff, "for the reason that plaintiff was first employed by defendant as elementary principal, was so employed for more than two years, had tenure as a permanent teacher in accordance with § 168.104(4), and was therefore entitled to a position as a teacher for the school year 1979–80 and thereafter, in the absence of proper action by defendant to bring about the termination of plaintiff's position as a teacher."

Plaintiff's position with respect to Count I was recently rejected, on similar facts, by the western district of this court in *Fuller v. North Kansas City School District*, 629 S.W.2d 404 (Mo.App.1981). In that case plaintiff Fuller was employed by the de-

fendant school district from 1959 through 1975. Throughout his employment Fuller, like plaintiff Meloy here, was employed as an elementary school principal. Fuller did not teach subjects as an elementary school teacher, although he was licensed to do so. The same is true of Meloy.

■ Seeking to avail himself of the provisions of the "Teacher Tenure Act," § 168.102 to § 168.130, Fuller argued unsuccessfully that he was a "permanent teacher," as defined in § 168.104(4), and was entitled to the safeguards set forth in § 168.116 with respect to terminating the employment of permanent teachers.

Referring to § 168.104(4) the court said: "This section plainly contemplates only situations involving *permanent teachers* who are employed as principals. If a permanent teacher is promoted to principal within the same school district in which permanent teacher status was attained, no permanent status is enjoyed in the *principal* position, but *permanent status is retained* as a teacher. If a *permanent teacher* is first employed as a principal in another school district, again there is no tenure in the principal position, but 'after serving two years as principal or assistant principal, [he] shall have tenure as a permanent teacher *of that system*' (the new district)." (Emphasis in original.)

The court also said: "Whether or not a person employed or promoted to the post of principal enjoys tenure under the Teacher Tenure Act ... depends upon a showing that he has been 'employed as a teacher' for a definite period of time and is therefore a 'permanent teacher.' "

The court in *Fuller* pointed out that § 168.104(7), in defining "teacher," excludes "superintendents, assistant superintendents, and *any other persons regularly performing supervisory functions as their primary duty*." The court further said: "The em-

1. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules ⨍ Court, V.A.M.R.

ployment and reemployment of a principal, therefore, are governed not by the Teacher Tenure Act which specifically excludes that position from its terms, but necessarily by § 168.101 which concerns all certified employees ineligible for permanent status under the Teacher Tenure Act." Finally, the court, in *Fuller*, said: "Certification does not confer tenure but is only a condition prerequisite to employment. Service *as a teacher* alone earns tenure." (Emphasis in original.)

The trial court properly denied plaintiff Meloy relief on Count I.

Plaintiff next contends that the trial court's ruling denying him relief on Count II was erroneous because defendant's school board failed to comply with § 168.101 and specifically paragraph 4 thereof.

Sec. 168.101, as applicable here, deals with employment of "legally certificated teachers . . . not eligible under § 168.104 to gain permanent status or tenure in the position held within the school system." After the original employment of a "certificated employee" (except a superintendent) "his employment shall continue in the same staff position from year to year subject to the regulations hereinafter set forth." § 168.101(2).

Under § 168.101(3) the school board is required to notify the certificated employee in writing "concerning his reemployment in his present staff position or lack thereof" on or before April 15 of the year in which his current contract expires. Failure to give the notice constitutes reemployment "on the same terms and in the same staff position," and the board, no later than May

1, must present a regular contract to the certificated employee who was not so notified.

Sec. 168.101(4), on which plaintiff relies, reads:

"Any motion regarding reemployment of such certificated employee shall include only one person and a motion to reemploy shall be made in the positive sense and a majority of the elected members voting in the affirmative shall constitute reemployment."

A special meeting of the school board was held on April 5, 1979, with all directors present. The minutes of that meeting include the following: "Ervil Koch made a motion to give Mr. Meloy the letter that he was no longer employed as principal when his contract is up. Carl Albert seconded the motion. Vote unanimous."

Basing his argument on § 168.101(4) plaintiff states that "the proper way" for the board to have terminated plaintiff's employment would have been for some member of the board "to have made a motion in the positive sense for plaintiff's reemployment. If a majority of the elected members of the board did not vote in the affirmative, plaintiff would not have been reemployed as principal" and plaintiff should have been notified of the action in accordance with § 168.101(3).

■■■ Courts give liberal construction to statutes concerning schools.[2] The administration of school matters is usually in the hands of citizens who are not learned in the law[3] and substantial rather than technical compliance is sufficient.[4] The courts look

---

2. *England v. Eckley*, 330 S.W.2d 738, 744[6] (Mo. banc 1960); *State ex rel. Acom v. Hamlet*, 363 Mo. 239, 250 S.W.2d 495, 498[4] (1952); *State ex rel. School Dist. of Affton v. Smith*, 336 Mo. 703, 80 S.W.2d 858, 861[9] (banc 1935); *State ex rel. Fisher v. Fisher*, 433 S.W.2d 63, 65[2] (Mo.App.1968); *Reorganized School Dist. No. R IV of Carroll County v. Williams*, 289 S.W.2d 126, 132[2] (Mo.App. 1956).

3. *State ex rel. and to Use of Parman v. Manring*, 332 Mo. 235, 58 S.W.2d 269, 273 (Mo. 1933); *State ex rel. Fisher v. Fisher*, 433 S.W.2d 63, 65[2] (Mo.App.1968); *State ex rel. Reorganized School Dist. R 2 of Newton County v. Robinson*, 276 S.W.2d 235, 240[11] (Mo. App.1955).

4. *England v. Eckley*, 330 S.W.2d 738, 744[7] (Mo.1960); *State ex rel. Kugler v. Tillatson*, 312 S.W.2d 753, 757[8] (banc 1958); *Adamick v. Ferguson-Florissant School Dist.*, 483 S.W.2d

with disfavor upon technical objections to proceedings, *State ex rel. Morrison v. Sims*, 201 S.W. 910, 911[8] (Mo.App.1917), and statutes which on their face appear mandatory have been held merely directory. See, for example, *State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11, Clinton County*, 307 S.W.2d 501, 508[7] (Mo. banc 1957); *Tate v. School Dist. No. 11 of Gentry County*, 324 Mo. 477, 23 S.W.2d 1013, 1025[10] (1929); *State ex rel. Perkins v. Long*, 275 Mo. 169, 204 S.W. 914, 917[6] (banc 1918).

■ The legislature has given to school boards the power to exercise judgment in matters affecting school management, including employment of teachers and other personnel, and the courts may not interfere unless the board exercises its power in an unreasonable, arbitrary, capricious or unlawful manner. *Magenheim v. Board of Ed. of School Dist. of Riverview Gardens*, 347 S.W.2d 409, 417[10] (Mo.App.1961). "The actions and records of a school board, usually composed of laymen, are to be liberally construed instead of strictly and technically interpreted. If there was a substantial compliance with the statute, and no one was misled, that is all the law requires." *McClure v. Princeton Reorganized School Dist. R–5*, 328 S.W.2d 65, 68[2] (Mo.App. 1959).

"Generally, a statute regulating the manner in which public officials shall exercise their powers will be construed as directory rather than mandatory, especially where such regulation pertains to uniformity, order and convenience, and neither public nor private rights will be injured or impaired thereby." *School Dist. of Mexico, Mo. v. Maple Grove Sch. Dist.*, 359 S.W.2d 743, 746[2] (Mo.1962). "The use of the word 'shall' indicates a mandate and will usually be interpreted to command the doing of whatever is required. But the courts recognize that the term is frequently used carelessly and indiscriminately, and they have

not hesitated to hold that the intent of the legislative ·enactment will prevail over the literal sense of its terms." *Howard v. Banks*, 544 S.W.2d 601, 603[4] (Mo.App. 1976). "With respect to whether a statutory requirement ... is mandatory or merely directory, the general rule has been stated frequently that when the statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed, whereas, if it merely requires certain things to be done and nowhere prescribes the results that shall follow if such things are not done, the statute is merely directory." *Hedges v. Department of Social Services*, 585 S.W.2d 170, 172[2] (Mo. App.1979).

The material portion of § 168.101(4) reads: "... A motion to reemploy shall be made in the positive sense and a majority of the elected members voting in the affirmative shall constitute reemployment." In determining whether that language is mandatory or directory, this court may consider "the general school laws, laws dealing with special school subjects, school laws enacted at the same time or on widely different dates, school laws once in force and later repealed, and contemporary history of those enactments." *Hudson v. Marshall*, 549 S.W.2d 147, 151 (Mo.App.1977).

Sec. 162.301(3), dealing with the school board of a six-director district, reads: "A majority of the board constitutes a quorum for the transaction of business, but no contract shall be let, teacher employed, bill approved or warrant ordered unless a majority of the whole board votes therefor. When there is an equal division of the whole board upon any question except the reemployment of a teacher, the presiding judge of the county court, if requested by at least three members of the board, shall cast the deciding vote upon the question, and for the determination of the question shall be considered a member of the board."

The foregoing statute demonstrates the importance of certain items of business, in-

629, 632[5] (Mo.App.1972); *State ex rel. Reorganized School Dist. R–2 of Newton County v.*

*Robinson*, 276 S.W.2d 235, 240[11] (Mo.App. 1955).

cluding the employment of a teacher, because it requires a majority of the whole board, as distinguished from a majority of a quorum, to accomplish those purposes. The statute places more importance on *reemployment* of a teacher because, if the whole board is equally divided on the question of reemployment, the tie cannot be broken by the presiding judge of the county court. On all other questions, the presiding judge, if properly requested, may break the tie. It is clear that the legislature felt that a teacher who had served in the school system, where the board members had the opportunity to observe his performance, should not be reemployed unless such was the will of at least four directors.

■ In the case at bar six directors made it clear, by their votes at the board meeting of April 5, that they did not desire plaintiff Meloy to be reemployed. If the pertinent language of § 168.101(4) were to be construed as mandatory, the maker of a motion to reemploy, and the person seconding such a motion, would, under the circumstances here, be compelled to vote against their own motion.

The only authority cited by plaintiff in support of his position is *Common School Dist. No. 27 v. Brinkmann*, 233 S.W.2d 768 (Mo.App.1950), but that case is distinguishable. There the school board failed to comply with their statutory duty to notify the teacher in writing of their intention not to reemploy him. The statute which was then in effect contained this provision: "Failure on the part of a board to give such notice shall constitute re-employment on the same terms as those provided in the contract of the current fiscal year."

Language similar to the foregoing appears in § 168.101(3) concerning the effect of failure to give notice, but plaintiff Meloy makes no contention that the school board failed to comply with the latter statute. His complaint concerns § 168.101(4) and that statute does not contain any language to the effect that literal noncompliance constitutes reemployment.

Sec. 168.101(4) in requiring the motion to be made "in the positive sense" reflects the legislative intention, also expressed in § 162.301(3), that reemployment requires the approval of at least four directors. On a tie vote of three to three, the motion to reemploy leads to non-employment. A vote of three to three, on a motion not to reemploy, should produce the same result. It is the intention of the board, not the wording of the motion, which should control. To accept plaintiff's construction of § 168.-101(4) would thwart the legislative intent.

The trial court properly denied plaintiff Meloy relief on Count II.

The judgment is affirmed.

MAUS, C. J., and TITUS and BILLINGS, JJ., concur.