Karen King Mitchell, Chief Judge
Fox C-6 School District appeals the entry of a declaratory judgment invalidating two District policies that partially formed the basis for a statement of charges to begin termination proceedings against District teacher Deborah Lehmann, as well as the grant of a permanent injunction precluding District from proceeding with Lehmann's termination hearing. District raises two points on appeal. District argues that the policies were properly promulgated, contrary to the trial court's determination, and that Lehmann was not entitled to injunctive relief because she has an adequate remedy at law. Because District substantially complied with § 171.011,[1] the statute granting District authority to enact rules and regulations, the policies at issue are valid. Accordingly, the trial court erred in entering a declaratory judgment finding them invalid as well as a permanent injunction barring District from proceeding with the termination hearing on the basis of the policies, and its decision is reversed.
Background
Lehmann is a certified speech-language pathologist, who has been employed by District for approximately twenty-five years.[2] On October 4, 2017, District served Lehmann a Statement of Charges, alleging that Lehmann willfully and persistently violated and failed to obey District policies IGBA-1 and GBCB, related to Programs with Disabilities and Staff Conduct. Lehmann requested a hearing in response to the charges, and a hearing was set for October 28, 2017, but it was rescheduled to January 16, 2018. On November 27, 2017, under § 536.050, Lehmann filed a petition for declaratory judgment and injunctive relief in the Circuit Court of Cole County,[3] *724 arguing that District lacked authority to seek her termination on the basis of policies IGBA-1 and GBCB because they constituted invalid regulations insofar as they were "policies" and not "regulations," and § 168.114.1(4) permits termination proceedings against a "permanent teacher" for the violation of only "published regulations of the board of education."[4]
The trial court held a hearing on Lehmann's petition on January 11, 2018, wherein it received six exhibits from District, which consisted of the agenda and minutes of various District Board of Education meetings approving policies IGBA-1 and GBCB, as well as copies of the policies themselves. At the hearing, Lehmann conceded that, contrary to the argument in her petition, the validity of the policies did not turn on whether they were denominated "policies" or "regulations." Lehmann argued, for the first time however, that the policies were nevertheless invalid because District's exhibits did "not show that [the policies] had been duly signed by the Board or that they were ever delivered to the district clerk or that they were transmitted by the district clerk to the teachers employed at the schools," and, she argued, "those [three] steps are required by Statute 171.011."[5] But Lehmann also conceded that "posting on the [District's] website is equivalent to transmitting forth with" and "that the district clerk is now embodied by the secretary to the superintendent or secretary to the school board." Thus, Lehmann's sole basis for her argument that the policies were invalid was that District had not presented a signed copy of the policies.
After the hearing, the trial court issued a declaratory judgment indicating that policies IGBA-1 and GBCB were invalid because they failed to comply with the statutory requirement that they be signed. In so ruling, the trial court relied on Missouri Supreme Court case law interpreting § 536.021 and holding that a "rule promulgated in violation of § 536.021 is void." The trial court determined that, "[l]ikewise, [District] must comply with the relatively simple requirements of § 171.011, RSMo., in promulgating its regulations or its regulations are void." The trial court concluded that, because "District has failed to show that its Policies IGBA-1 and GBCB were 'duly signed by order of the board' as expressly required by § 171.011, RSMo.[,] ... Policies IGBA-1 and GBCB were not properly promulgated by the Fox C-6 Board of Education and are therefore void." District appeals.
Standard of Review
"When reviewing a declaratory judgment, our standard of review is the same *725 as in any other court-tried case." Lueckenotte v. Lueckenotte , 34 S.W.3d 387, 393 (Mo. banc 2001). We "will affirm the decision of the trial court 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.' " Id. (quoting Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ). We apply "de novo review to questions of law decided in court-tried cases." Pearson v. Koster , 367 S.W.3d 36, 43 (Mo. banc 2012). "With respect to such questions, 'the appellate court reviews the trial court's determination independently, without deference to that court's conclusions.' " Id. at 43-44 (quoting Moore v. Bi-State Dev. Agency , 132 S.W.3d 241, 242 (Mo. banc 2004) ).
Analysis
District raises two points on appeal. First, District argues that the trial court erroneously declared the policies invalid as a result of District's failure to strictly comply with § 171.011 because substantial compliance is all that is required. Second, District argues that the trial court erred in granting Lehmann a permanent injunction because Lehmann failed to demonstrate that she lacked an adequate remedy at law and that she would suffer irreparable harm. Because District's first point on appeal is dispositive, we do not reach the second point.
A. The trial court erred in requiring District to demonstrate strict compliance with § 171.011.
"In actions for declaratory judgment, the burden of proof 'rests where it would have been placed had a different type of suit been brought.' " Am. Family Mut. Ins. v. Coke , 413 S.W.3d 362, 368 (Mo. App. E.D. 2013) (quoting Universal Reinsurance Corp. v. Greenleaf , 824 S.W.2d 80, 83 (Mo. App. E.D. 1992) ). Because "there exists, generally, a presumption that [governmental] acts have been performed in good faith and rightfully," State ex rel. Kugler v. Tillatson , 312 S.W.2d 753, 757 (Mo. banc 1958), "[t]he party challenging the validity of [a statute,] ordinance[, or rule] carries the burden of proving the [governmental body] exceeded its constitutional or statutory authority." Coop. Home Care, Inc. v. City of St. Louis , 514 S.W.3d 571, 578 (Mo. banc 2017). More specifically, when the issue raised is "whether proper statutory procedures were followed in the enactment" of regulations or policies, "[t]his evidentiary presumption ... allocates the burden of production and persuasion to the challenger." Smith v. Taney Cty. , 552 S.W.3d 745, 752 (Mo. App. S.D. 2018) ; see also Magenheim v. Bd. of Educ. of Sch. Dist. of Riverview Gardens , 347 S.W.2d 409, 419 (Mo. App. 1961) ("The burden rested upon the plaintiff to plead facts to show the unreasonableness and invalidity of [school board regulations]."). Accordingly, Lehmann bore the burden of proving that the policies at issue were invalid, and this burden never shifted to District. See Pearson , 367 S.W.3d at 47 (holding that "[t]he burden of persuasion and the burden of production [for challenges to statutes] never shift to the defendants").
It appears from both the transcript and the judgment that the trial court mistakenly placed this burden upon District (the governmental body), rather than Lehmann (the challenger to the validity of the policies):
[COUNSEL FOR LEHMANN]: Well, Judge, I would simply point out that in the responsive filing by the Board, they attach certain exhibits showing that these policies had been adopted by the school district. But they do not show that they had been duly signed by the Board or that they were ever *726 delivered to the district clerk or that they were transmitted by the district clerk to the teachers employed at the schools, and those four steps are required by Statute 171.011.
THE COURT: Okay. So you're saying the burden of proof shifts to them to show that they did it right ; is that what you're telling me?
[COUNSEL FOR LEHMANN]: That's what I'm telling you. I would, for ...
THE COURT: Okay. He's going to pass it over to you.
[COUNSEL FOR DISTRICT]: Okay. Well, [Y]our Honor, the policies, as a matter of district procedure and law, cannot be posted on the website unless they have been duly approved by the Board of Education, the minutes have been signed, and they've been delivered to-and there is no such thing in these days as the district clerk, but to the custodian of records, who is typically the superintendent's secretary, who also functions as a secretary to the Board of Education. And then they are then authorized to be put on the website, which is available to all.
And it also would be contrary to these requirements and prohibited by law where the policies to be designated as duly adopted once they have been put on the website if they have not gone through these steps. So there's no doubt that it followed those procedures. And I do not think the burden of proof falls upon us to demonstrate the policies that have been duly posted have, in fact, met these criteria , but we have proven it, so we are-
THE COURT: Well, you can't just say they are posted so they must have been approved. You've got to have some minutes or something, don't you?
(Emphasis added.) In the trial court's judgment, the court faulted District for "fail[ing] to show that its Policies IGBA-1 and GBCB were 'duly signed by order of the board.' "
Contrary to the assertion of Lehmann's counsel, it was Lehmann's burden to prove that District's policies were invalid, and she abandoned the sole basis for the claim pled in the petition when she conceded that the terms "policy" and "regulation" were interchangeable for purposes of § 168.114.1(4). She then raised, at the hearing, a new claim of invalidity-that District failed to comply with § 171.011. She presented no evidence, however, to support this argument. Instead, she asserted that her claim was supported by "certain exhibits" that were attached to a "responsive filing by the Board." Lehmann failed to identify which exhibits she was relying on and made no effort to introduce the documents into evidence at the hearing.
District, despite having no duty to do so, offered six exhibits into evidence to refute Lehmann's new theory of invalidity.[6] Those exhibits consisted of the agenda and minutes of Board meetings wherein policies IGBA-1 (Exhibits A, B) and GBCB (Exhibits C, D) were approved, as well as copies of the policies themselves (Exhibit E was policy IGBA-1 and Exhibit F was policy GBCB). Based on these exhibits and the language of § 171.011, the trial court determined that policies IGBA-1 and GBCB were not properly promulgated because neither policy was signed and, therefore, *727 the policies were invalid.[7] In so holding, the trial court misapplied the law.
Section 171.011 enables "[t]he school board of each school district in the state [to] make all needful rules and regulations for the organization, grading and government in the school district." The statute further provides that any such rules "shall take effect when a copy of the rules, duly signed by order of the board, is deposited with the district clerk. The district clerk shall transmit forthwith a copy of the rules to the teachers employed in the schools." Id.
Our Supreme Court directs that "school laws ... are to be interpreted liberally, and ... substantial compliance with the statutes is sufficient." Kugler , 312 S.W.2d at 757. Furthermore, "courts look with disfavor upon technical objections to proceedings and [have held that] statutes which on their face appear mandatory [are] merely directory." Meloy v. Reorganized Sch. Dist. R-1 of Reynolds Cty. , 631 S.W.2d 933, 936-37 (Mo. App. S.D. 1982). Section 171.011, specifically, has been held to require only substantial and not strict, technical compliance. Adamick v. Ferguson-Florissant Sch. Dist. , 483 S.W.2d 629, 633 (Mo. App. 1972).
Here, contrary to precedent requiring only substantial compliance, the trial court found District's policies invalid for lack of strict, technical compliance with § 171.011. In doing so, the trial court relied on case law interpreting § 536.021, which outlines the procedures required for state agencies to promulgate rules. Subsection 7 of § 536.021 provides that "any rule ... shall be null, void and unenforceable unless made in accordance with the provisions of this section."
But "school districts are not bound by the provisions of Chapter 536 that are pertinent to 'state agencies' ... [b]ecause school districts are local political subdivisions ... [and] not 'state agencies' for purposes of Chapter 536." P.L.S. ex rel. Shelton v. Koster , 360 S.W.3d 805, 818 (Mo. App. W.D. 2011). Accordingly, school districts "are not required to observe such requirements as the promulgation of formal rules after public comment, as the executive agencies of the state must." Id. "[S]ection 536.021 ... rule-making procedures are [simply] inapplicable to the ... action" of a political subdivision of the state, such as a school district." Fraternal Order of Police Lodge No. 2 v. City of St. Joseph , 8 S.W.3d 257, 265 (Mo. App. W.D. 1999) (refusing to apply § 536.021 to the Pension Board for St. Joseph police because the Pension Board was a political subdivision, rather than a state agency). Accordingly, the court erred in requiring District to demonstrate strict, technical compliance with § 171.011, because substantial compliance was all that was required.
B. District substantially complied with § 171.011.
Though the trial court erred in requiring strict compliance, "[b]ecause we are 'primarily concerned with the correctness of the trial court's result,' we will affirm the trial court's judgment 'if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong *728 or not sufficient.' " Jaco v. Jaco , 516 S.W.3d 429, 432 (Mo. App. W.D. 2017) (quoting Blue Ridge Bank & Tr. Co. v. Trosen , 221 S.W.3d 451, 457 (Mo. App. W.D. 2007) ). Accordingly, we will determine whether the evidence supported a finding that District substantially complied with § 171.011 in creating the policies at issue.[8]
As noted above, § 171.011 indicates that a rule created by a school board "shall take effect" following three events: (1) a copy of the rules is signed by order of the board; (2) the copy is deposited with the district clerk; and (3) the district clerk transmits a copy of the rules to the teachers employed in the schools. Here, District's exhibits demonstrated that both policies were presented, discussed, and passed at Board meetings and then posted to District's website. Exhibits B and D were minutes of the meetings, and both exhibits contained spaces for signatures from both the Board President and Board Secretary. While Exhibit D, pertaining to Policy GBCB was signed, Exhibit B, pertaining to IGBA-1 was not.[9]
In evaluating each of the policies vis-à-vis the requirements of § 171.011, the trial court determined that-despite the absence of literal compliance-District complied with event (2) insofar as the policies were submitted to the Superintendent's secretary, rather than the district clerk (a position that no longer exists), and event (3) (the transmission requirement) insofar as District "post[ed] newly-adopted rules to the Internet." But the trial court found that District failed to comply with event (1) insofar as neither of the actual policies bore any signatures.
Though § 171.011 does not identify the purpose of the signature requirement, we believe it to be similar to the purpose of signatures on municipal ordinances. With ordinances, "[t]he purpose of the presiding officer's signature is to furnish the mayor with evidence of the fact that the ordinance had passed the house." Parker-Washington Co. v. Field , 214 S.W. 402, 403 (Mo. App. 1919) ; see also State ex rel. N. & S. Ry. Co. v. Meier , 72 Mo. App. 618, 634-35 (1897) ("The signatures of the presiding officers of the two houses ... is made the evidence of the fact that the bill has passed the two houses, ... and no further authentication or evidence of the fact is required.
*729 The purpose subserved by its signature is to attest and authenticate."). And this was the purpose that Lehmann advocated as well at oral argument, but she nevertheless argued that the signature was the only means by which District could have proved approval and passage of the policies at issue. In other words, Lehmann would have us disregard all other evidence indicative of approval and passage, such as the agenda and minutes of each board meeting wherein the policies were proposed and adopted.[10] We see no reason to do so.
In Adamick , the court was faced with a similar issue-whether a rule revising the school calendar that had neither been signed by order of the board nor deposited with the district clerk, as were required by § 171.011, was valid. Adamick , 483 S.W.2d at 633. The court upheld the rule against a challenge to its validity, determining that, "although the technical requirements for issuing rules and regulations were not met, the teachers had ample and actual notice" of the revised calendar; thus, "there was 'substantial and sufficient compliance' with the statutory requirements and ... the board's regulations were valid." Id.
Here, Lehmann has never claimed that she was unaware of Policies IGBA-1 or GBCB or the requirements they imposed upon her as a teacher or that District otherwise failed to provide notice of the policies to District teachers. On the contrary, the evidence demonstrates that District provided notice to the public, generally, of not only its intent to adopt the policies but also its actual adoption thereof. And, as the trial court found, "the legislative intent [of the transmission requirement] is satisfied by posting newly-adopted rules on the Internet," and "the [notice] requirement of § 171.011, RSMo., is thereby met." Additionally, Lehmann never challenged the sufficiency of the underlying procedure adopting the two rules; instead, her challenge was directed solely at the lack of a signature on the face of the rules themselves.
Thus, under the reasoning of Adamick , District substantially complied with § 171.011, and its policies are valid. "If there was a substantial compliance with the statute, and no one was misled, that is all the law requires." Meloy , 631 S.W.2d at 937 (quoting McClure v. Princeton Reorganized Sch. Dist. R-5 , 328 S.W.2d 65, 68 (Mo. App. 1959) ).
Lehmann urges us to reject Adamick , arguing that "a careful reading of the cases leading to Adamick shows that the doctrine relied on by the District is an artifact of a different time, crafted for a different purpose, which the Adamick Court need not, and should not, have applied to school district rulemaking." The "doctrine" Lehmann refers to is that of substantial compliance, and she argues that its applicability is limited to cases "involving the organization and boundaries of school districts." We disagree.
The doctrine of substantial compliance is neither an outdated nor a strictly limited concept. Instead, it is a means courts typically use when liberally interpreting procedural laws that are directory in nature. As the Missouri Supreme Court recently noted in Mayes v. Saint Luke's Hospital of Kansas City , 430 S.W.3d 260, 271 (Mo. banc 2014), the Court "has construed certain *730 procedural statutes and rules to find that substantial compliance with the requirements is sufficient." The Court typically does so "under a statutory directive to construe a statute liberally or under a statute that expressly allows for substantial compliance." Id. (citing examples). For school laws, our courts have repeatedly held that a liberal construction is required. See, e.g., Kugler , 312 S.W.2d at 757 ("In considering the application of our school laws[,] we must remember the repeated and universal expressions of our courts to the effect that they are to be interpreted liberally...."). And Lehmann does not contend otherwise.[11]
Furthermore, courts typically require only substantial compliance where procedural statutes are directory rather than mandatory. See, e.g., State ex rel. City of Memphis v. Hackman , 273 Mo. 670, 202 S.W. 7, 14 (Mo. banc 1918) (interpreting a statute describing the form to be used for ballots as directory, rather than mandatory, and finding that, therefore, substantial compliance was sufficient). With respect to § 171.011 specifically, despite the presence of the word "shall" in the language, the procedural statute is merely directory and not mandatory.
"Generally, a statute regulating the manner in which public officials shall exercise their powers will be construed as directory rather than mandatory, especially where such regulation pertains to uniformity, order and convenience, and neither public nor private rights will be injured or impaired thereby." Meloy , 631 S.W.2d at 937 (quoting Sch. Dist. of Mexico, Mo. v. Maple Grove Sch. Dist. , 359 S.W.2d 743, 746 (Mo. 1962) ). Though use of the word "shall" typically indicates a mandate, "the courts recognize that the term is frequently used carelessly and indiscriminately, and they have not hesitated to hold that the intent of the legislative enactment will prevail over the literal sense of its terms." Id. (quoting Howard v. Banks , 544 S.W.2d 601, 604 (Mo. App. 1976) ).
"With respect to whether a statutory requirement ... is mandatory or merely directory, the general rule has been stated frequently that when the statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed, whereas, if it merely requires certain things to be done and nowhere prescribes the results that shall follow if such things are not done, the statute is merely directory."
Id. (quoting Hedges v. Dep't of Soc. Servs. , 585 S.W.2d 170, 172 (Mo. App. W.D. 1979) ).
While § 171.011 prescribes a procedure to be followed when a school district seeks to enact rules and regulations, it does not identify any consequences if the described procedure is not followed. Compare this to § 536.021, which prescribes the procedure to be followed when state agencies create rules and regulations; § 536.021.7 expressly indicates that "any rule ... shall be null, void and unenforceable unless made in accordance with the provisions of this section." Accordingly, § 536.021 is mandatory, rather than directory. See Mo. Coal. for Env't v. Joint Comm. on Admin. Rules , 948 S.W.2d 125, 131 (Mo. banc 1997) (holding that § 536.021 contained duties imposed by law *731 for which there was no discretion). But § 171.011 does not prescribe similar consequences for the failure to strictly follow the procedure outlined therein; thus, it is merely directory, and substantial compliance is all that is required.
Furthermore, Adamick is not the only case to apply the doctrine of substantial compliance to procedural rules governing school functions. In Meloy , the Southern District applied the doctrine of substantial compliance in holding that a school board complied with § 168.101, governing reemployment of a staff member, even though the board failed to act on a motion to reemploy in the positive sense but instead voted in favor of a motion not to reemploy an elementary school principal. Meloy , 631 S.W.2d at 938. And, in Lynch v. Webb City School District No. 92 , 418 S.W.2d 608, 613-14 (Mo. App. 1967), the Court of Appeals applied the doctrine of substantial compliance to find a teacher's contract valid, although the signature of the board's president and attestation of its secretary were not placed on the instruments signed and returned by the teacher, as was required by § 163.080, RSMo 1959; see also Baxter v. Sch. Dist. of Miller , 266 S.W. 760, 761 (Mo. App. 1924) (applying the doctrine of substantial compliance to find a teacher's contract valid, despite the absence of the school board president's signature thereon, as was required by § 11137, RSMo 1919).
In short, we see no reason to question our sister court's holding in Adamick . The trial court here did not address Adamick at all and, thus, gave no reason for not following its holding that § 171.011 required only substantial, and not strict, compliance. Because substantial compliance was all that was required, and because the evidence presented demonstrated that District substantially complied with § 171.011 in adopting Policies IGBA-1 and GBCB, the trial court erred in entering a declaration that the policies were invalid and could not be used as a basis for initiating termination proceedings against Lehmann. Point I is granted. Accordingly, the trial court's judgment is reversed, and the permanent injunction is dissolved.
Conclusion
The trial court erred in requiring District to demonstrate strict compliance with § 171.011 in adopting Policies IGBA-1 and GBCB. Because the evidence before the circuit court does not establish that District failed to substantially comply with the statutory procedures, its policies are valid and may form the basis for termination proceedings against Lehmann. The trial court's judgment is reversed and the permanent injunction is hereby dissolved.
Cynthia L. Martin, Judge, and Jennifer M. Phillips, Special Judge, concur.

All statutory references are to the Revised Statutes of Missouri 2016, unless otherwise noted. Section 171.011 provides:
The school board of each school district in the state may make all needful rules and regulations for the organization, grading and government in the school district. The rules shall take effect when a copy of the rules, duly signed by order of the board, is deposited with the district clerk. The district clerk shall transmit forthwith a copy of the rules to the teachers employed in the schools. The rules may be amended or repealed in like manner.

Under Missouri's Teacher Tenure Act, §§ 168.102-168.130, Lehmann qualifies as a permanent teacher.

District and Lehmann are both located in Jefferson County, Missouri. Section 536.050 allows for declaratory judgment actions to be brought against "agencies" (defined in § 536.010(2) as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases, except those in the legislative or judicial branches") and further allows the plaintiff to select Cole County as the venue for the matter. Though District expressed disagreement over the application of § 536.050 to this matter below, District ultimately consented to venue in Cole County. As such, whether Cole County was the appropriate venue is not at issue in the case on appeal. "An action for declaratory judgment is, however, the appropriate remedy to determine the powers of a school board, or to test the validity of its acts." Magenheim v. Bd. of Educ. of Sch. Dist. of Riverview Gardens , 347 S.W.2d 409, 417 (Mo. App. 1961).

Lehmann also sought a writ of prohibition on January 10, 2018, in the Circuit Court of Jefferson County to preclude District from proceeding with the termination hearing on the basis of two separate grounds alleged in the Statement of Charges that are not part of this appeal. Those grounds alleged that Lehmann willfully and persistently violated and failed to obey "the school law of the state of Missouri." A preliminary writ was granted by the Jefferson County Circuit Court, but it denied a permanent writ. The subject of that ruling is on appeal in the Eastern District of this court in case number ED106399, State ex rel. Lehmann v. Fox C-6 School District.

Though the theory of invalidity that Lehmann raised at the hearing was not raised in her petition, District has not raised any claim related to this discrepancy. Accordingly, we will not address it.

"Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it." White v. Dir. of Revenue , 321 S.W.3d 298, 305 (Mo. banc 2010) (quoting Stiff v. Stiff , 989 S.W.2d 623, 628 (Mo. App. S.D. 1999) ).

Though District, as the non-burden-carrying party, was under no obligation to introduce evidence, once it did so, it relieved Lehmann of her duty of production, and the trial court could rely on the evidence presented to support Lehmann's burden of persuasion. See Radmacher v. Dir. of Revenue , 405 S.W.3d 607, 612 (Mo. App. W.D. 2013) (determining that "the Director [the non-burden-carrying party] discharged Radmacher's initial burden of producing evidence that he is entitled to a license by introducing a copy of Radmacher's C[ommercial] D[river's] L[icense]").

As noted above, Lehmann made no effort to meet her burden to demonstrate that there was no substantial compliance with § 171.011. And, in fact, Lehmann conceded at oral argument that, if substantial compliance were the proper standard, her claim would fail. In any event, because evidence of the procedure used to adopt the challenged policies was before the circuit court, we will address whether that evidence demonstrates a lack of substantial compliance.

In the appendix to District's brief, there is an affidavit from its records custodian with signed copies of the minutes from both meetings attached. It appears from the legal file that this affidavit was filed with the court after the trial, but, based upon the court's findings of fact, it appears that the court did not consider this affidavit or the documents attached thereto. Although the District stated at oral argument that the trial judge told them that they could submit additional documentation after the hearing was completed, District acknowledged that no record was made of these comments by the court, and we find no indication in the transcript that the court was leaving the record open for additional evidence. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." In re Adoption of C.M.B.R. , 332 S.W.3d 793, 823 (Mo. banc 2011), abrogated on other grounds by S.S.S. v. C.V.S. , 529 S.W.3d 811 (Mo. banc 2017) (quoting Washington v. Zinn , 286 S.W.3d 828, 831 (Mo. App. E.D. 2009) ). "Rule 84.04(h) [pertaining to the appendix] does not authorize inclusion of evidence outside the record on appeal." State ex rel. Greitens v. Am. Tobacco Co. , 509 S.W.3d 726, 745 n.21 (Mo. banc 2017) (quoting C.M.B.R. , 332 S.W.3d at 823 ).

In fact, one set of minutes presented into evidence was signed by both the board president and the secretary. As Lehmann conceded, § 171.011 does not specify that the rules or policies themselves must bear a signature; thus, the signing of the minutes approving the policies may very well constitute actual compliance and not just substantial compliance.

Lehmann argued below that, "Contrary to [District's] assertion that the school laws are to be liberally interpreted, Missouri Courts have held that the provisions governing the involuntary termination of tenured teachers are to be strictly construed to protect the teacher...." (Emphasis in original.) Lehmann has abandoned this argument on appeal, and we believe rightly so, as § 171.011-the statute at issue-is not one regarding involuntary termination of tenured teachers.