**L.E.B., Petitioner–Respondent,**

v.

**J.L.B., Respondent–Appellant.**

No. 55081.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Claude C. Knight, St. Charles, for re-spondent-appellant.

Joel David Brett, St. Charles, for peti-tioner-respondent.

CRANDALL, Presiding Judge.

Wife, J.L.B., appeals from a decree of dissolution of her marriage to husband, L.E.B. We affirm.

The parties were married in October 1966. One child was born of the marriage in November 1975. The marriage was dis-solved in June 1988. At the time of the dissolution, husband was 40 years of age and wife was 42.

Both husband and wife were high school graduates. At the time of the dissolution, husband was earning approximately $50,-000 a year. Wife worked as a bookkeeper prior to the birth of the child. Two years before the dissolution, she resumed work as a bookkeeper on a part-time basis. Her yearly earnings were about $4,300. There was evidence that wife had declined full-time employment because she did not wish to work full-time.

In 1978, husband began singing with a barbershop quartet and wife began singing with an affiliated women's group. Hus-band and wife became friends with the other singers. Starting in 1985, wife devel-oped a particularly strong friendship with one of the male singers, R.K.; but wife claimed that the relationship was merely platonic. Husband became distraught over the intensity of the relationship between wife and R.K. because it further burdened what both parties portrayed as an already strained marriage. Husband expressed his concerns to wife who insisted on continuing her friendship with R.K. In the fall of 1987, husband became sexually involved with M.K., R.K.'s wife. At the time of the dissolution, husband was living with M.K.

In the trial record, the trial court found that the relationship between wife and R.K. although not sexual in nature, "was great-er than what should have been a normal friendship relationship with another person of the opposite sex and that that relation-ship was a contributing factor to the break-down of the marriage...."

The court awarded wife nonmodifiable maintenance of $308 per month for a period of one year and child support of $500 per month. Wife was granted one half of hus-band's pension benefits. She also was awarded a certificate of deposit and her own IRA, with a total cash value of $11,-000. Wife was permitted to reside in the marital home until the child reached the age of 18, at which time the home was to be sold and the proceeds equally divided. During the time wife resided in the house, she was not obligated to pay rent and hus-band was responsible for any major re-

pairs. There were no marital debts to be apportioned between the parties.

 In her first point, wife contends that the limitation on the duration of maintenance was unwarranted.

The trial court has broad discretion in determining the amount and duration of maintenance. Section 452.335, RSMo (1986).[1] In determining wife's ability to support herself, the court is not confined to a consideration of present earnings but can consider prior earning capacity and probable future prospects. *In re Marriage of Witzel*, 727 S.W.2d 214, 216 (Mo.App.1987). Awards of limited duration are proper when the trial court has before it evidence that there is some reasonable expectation that the financial condition of the parties will change prior to termination of the award. *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo.App.1981).

Here, the evidence was that wife was 42 years of age and in good health. She had prior work experience, as indicated by her employment for the first nine years of the marriage. *Compare Howard v. Howard*, 764 S.W.2d 169, 171 (Mo.App.1989). At the time of the dissolution, wife was working part-time as a bookkeeper because she had declined full-time employment. The evidence supported a reasonable expectation that the one year period would provide adequate time for wife to secure full-time employment, to become self-sufficient, and to readjust her lifestyle. *See Sansone*, 615 S.W.2d at 671.

In addition, in the property division, wife was awarded a certificate of deposit and her IRA, having a total value of $11,000. She was awarded child support of $500 per month. As noted by the trial court, wife was given the right to live in the marital home until the child reached 18 years of age "rent free and free of any major repairs." There was sufficient evidence for the trial court to conclude that wife's maintenance award should be limited to one year. Wife's first point is denied.

 In her second point, wife challenges the amount of maintenance awarded. An award of maintenance is governed by § 452.335.2, RSMo (1986). In determining the amount of maintenance, the court must balance the reasonable needs of the spouse seeking maintenance against the husband's capacity to pay. *Whitmore v. Whitmore*, 732 S.W.2d 572, 573 (Mo.App.1987).

Wife contends that the $308 per month awarded will not enable her to meet her needs. The financial figures which wife presented to the trial court substantiate her contention. It was the court's prerogative, however, either to disbelieve wife's claimed expenses or to discount them as inflated. *See Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). Even assuming that husband has the ability to provide a greater portion of wife's needs than the court ordered, it does not follow that he must do so. *Weiss v. Weiss*, 702 S.W.2d 948, 956 (Mo.App.1986). In addition, in making the maintenance award, the trial court could consider wife's conduct during the marriage, § 452.335.2(7), which the court characterized in the record as contributing to the breakup of the marriage. Wife's second point is denied.

The judgment is affirmed.

CRIST, J., concurs.

KAROHL, J., dissents.

---

1. This case was tried under the law as it existed before August 1988. The new statute now provides for the trial court to modify the maintenance order prior to the termination date:

The maintenance order shall state if it is modifiable or nonmodifiable. The court may order maintenance which includes a termination date. Unless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order.
Section 452.335.3, RSMo (Supp.1988).