Monte RODEN, Appellant,

v.

Marvin TOFLE, et al., Respondents.

No. WD 41633.

Missouri Court of Appeals, Western District.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Monte Roden, Moberly, pro se.

David R. Buchanan, Kansas City, for respondents.

Before NUGENT, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Monte Roden, appeals the judgment of the trial court sustaining respondent's motion for summary judgment in appellant's cause of action for alleged legal malpractice.

Appellant alleged in his malpractice action that respondent's representation in a cause of action that appellant filed in the United States District Court under 42 U.S.C. § 1983, (hereinafter referred to as appellant's federal action), constituted malpractice. Appellant filed his federal action in November of 1983, against attorney Gary E. Haggerty. Respondent was appointed by the court to represent appellant in his federal action, case number 82–1233–CV–W–5.

Appellant's federal action alleged a claim against attorney Haggerty arising out of a consultation appellant had with Haggerty, while Haggerty was a private attorney, concerning charges for which appellant was ultimately convicted of burglary and attempted rape and Haggerty's subsequent prosecution of appellant, while acting as a Jackson County prosecutor, on a charge of tampering with a witness. Appellant was granted a default judgment against Haggerty in his federal action on March 18, 1986, after evidence had been heard on January 6, 1986. The federal court awarded appellant nominal damages in the amount of $50.00. Appellant had sought an award of $500,000.00 actual damages and $500,000.00 punitive damages in his federal action.

Appellant's brief fails to comply with the requirements of Rule 84.04.

■ The jurisdictional statement of appellant's brief is quoted verbatim as follows:

"On May 14, 1987, in the Circuit Court of Cole County, Missouri, Monte Roden, the appellant herein had brought a cause of action against the appellee, Marvin Tofle, et. al., for his negligence and/or incompetence in failing to comply with court order(s) during his course of representation. Appellant filed his state tort action for legal malpractice. This cause was ruled against the appellant on January 18, 1989. Thus, jurisdiction now lies with the Missouri Court of Appeals, Western District, pursuant to the United States Constitution and Missouri Constitution."

Rule 84.04(b) provides in pertinent part as follows:

Bare recitals that jurisdiction is invoked "on the ground that the construction of the Constitution of the United States or of this state is involved" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Appellant's jurisdictional statement fails to comply with Rule 84.04(b).

■ Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant's statement of facts fails to meet the requirements of Rule 84.04(c) and by appellant's own admission is argumentative.

Rule 84.04(h) requires that "[a]ll statements of fact and argument shall have

specific page references to the legal file or the transcript." Appellant's statement of facts makes only one such reference, which is to the legal file, and said reference fails to support the proposition for which it is offered.

■ Appellant's points on appeal are quoted verbatim as follows:

## POINT I

THE HEARING COURT CLEARLY ERRED TO *PRO–SE* APPELLANT'S PRE–JUDICE IN *MALICIOUSLY* DISMISSING APPELLANT'S MERITORIOUS CAUSE. THIS FACT IS BEST SUPPORTED BY THE DOCUMENTED EVIDENCE OF THE OFFICIAL RECORD AND (TRIAL) TRANSCRIPTS IN THIS CASE. ESPECIALLY WHEN THIS CASE WAS DISMISSED ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT. THIS COURT HAS ACTED ARBITRARILY AND CAPRICIOUSLY IN OVERLOOKING AND/OR MISINTERPATING MATERIAL FACTS OF LAW. DEFENDANT WAS GROSSLY NEGLIGENT IN NOT PERFORMING IS LEGAL DUTIES AS VIGOROUSLY, AS SKILLFULLY, AND AS DILIGENTLY AS HE COULD AND SHOULD HAVE FOR THE PLAINTIFF, OR IN THE MANNER PRESCRIBED BY LAW. THUS, RENDERING THE DEFENDANT GUILTY OR LIABLE OF LEGAL MALPRACTICE TOWARD HIS CLIENT/PLAINTIFF. THE COURT HAS DENIED *PRO–SE* APPELLANT'S ONE OF HIS MOST BASIC AND PROTECTED CONSTITUTIONAL RIGHTS. THE COURT HAS INTENTIONALLY DEPRIVED *PRO–SE* APPELLANT OF HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO A FULL AND FAIR DUE PROCESS OF LAW. APPELLANT FURTHER FEELS AND BASED ON THE FACT (S) THAT HE IS FIGHTING (BY HIMSELF AND ALONE) FOR IS *PROTECTED* CONSTITUTIONAL RIGHTS *PRO–SE* THE COURT IS NOT AFFORDING APPELLANT A FAIR CHANCE OR HIM HIS RIGHTS AS IT SHOULD, THUS CONSTITUTING UNETHICAL CONDUCT.

## POINT II

THE HEARING COURT CLEARLY ERRED TO *PRO–SE* APPELLANT'S PREJUDICE IN *MALICIOUSLY* DISMISSING APPELLANT'S MERITORIOUS CAUSE. THIS FACT IS BEST SUPPORTED BY THE DOCUMENTED EVIDENCE OF THE OFFICIAL RECORD AND TRIAL TRANSCRIPTS OF THIS CASE. ESPECIALLY WHEN THIS CASE WAS DISMISSED ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT. THIS COURT HAS ACTED ARBITRARILY AND CAPRICIOUSLY IN OVERLOOKING AND/OR MISINTERPRETING MATERIAL FACTS OF LAW. ESPECIALLY WHEN SUCH A DISMISSAL WAS UNEQUIVOCALLY INAPPROPRIATE WHEN BASIC HORNBOOK LAW STATES THAT "...SUMMARY JUDGMENT IS NOT AN APPROPRIATE REMEDY WHEN THERE STILL EXIST MATERIAL ISSUES OF FACT (STILL) IN DISPUTE ...". AS WAS THE CASE TO PLAINTIFF'S DAMAGES AND WELL DOCUMENTED BY THE OFFICIAL RECORD AND TRANSCRIPTS *p. 38–42*. THE COURT HAS DENIED *PRO–SE* APPELLANT ONE OF HIS MOST BASIC AND *PROTECTED* CONSTITUTIONAL RIGHTS. THE COURT HAS INTENTIONALLY DEPRIVED *PRO–SE* APPELLANT OF HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO A FULL AND FAIR DUE PROCESS OF LAW. APPELLANT, FURTHER FEELS AND BASED ON THE FACT (S) THAT HE IS FIGHTING (BY HIMSELF AND ALONE) FOR HIS *PROTECTED* CONSTITUTIONAL RIGHTS *PRO–SE* THE COURT IS NOT AFFORDING APPELLANT A FAIR CHANCE OR HIM HIS RIGHTS AS IT SHOULD, THUS CONSTITUTING UNETHICAL CONDUCT.

Rule 84.04(d) provides in pertinent part as follows:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder ...

In the case at bar, not only do appellant's points relied on fail to comply with Rule 84.04(d) by not stating briefly and concisely the actions or rulings of the court sought to be reviewed and wherein and why they are claimed to be erroneous, but appellant does not cite any authority for whatever the argument is that he attempts to make in any portion of his brief. Furthermore, appellant fails to provide any explanation of why citations are unavailable.

The requirements of Rule 84.04(d) are mandatory. *Black v. Cowan Construction Co.,* 738 S.W.2d 617, 619 (Mo. App.1987). If a point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, the court on appeal need not search for precedential support to overrule the contention. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). If a point is one for which precedent is appropriate, it is the obligation of appellant to cite it if he expects to prevail. If a point is one for which it is believed that precedent for or against it is unavailable it should be specifically so stated with an explanation of why citations are unavailable. *Id.*

When a party fails in his duty by filing briefs which are not in conformity with the rule and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding the case on the basis of inadequate briefing and advocacy or undertaking the role of advocate on behalf of the party who has failed to comply with the rules. Not only would this be inherently unfair to the other party on appeal, but it is also unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals. *Thummel v. King,* 570 S.W.2d at 686.

Appellant's brief herein is generally unintelligible and we decline to consider appellant's points on appeal. Accordingly, the judgment of the trial court is affirmed.

All concur.