Daniel J. HUDSON, Respondent,

v.

WELLSTON SCHOOL
DISTRICT, Appellant.

No. 57757.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 7, 1990.

Darold E. Crotzer, Jr., Les A. Steinberg, Clayton, for appellant.

Mary Ann Weems, Kieran J. Coyne, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, the Wellston School District, appeals a final order of the Circuit Court of St. Louis County reversing its termination of respondent, Daniel Hudson, from his position as principal of Bishop Elementary. On appeal, appellant claims that the circuit court erred in finding that the termination of respondent was unsupported by competent and substantial evidence. We agree and reverse and remand.

The facts, as found by the board, are initially undisputed. Respondent was hired by the Wellston School District at the beginning of the 1987–88 school year to serve as principal of Bishop Elementary. On the morning of March 10, 1989, respondent was supervising a sixth-grade classroom until a substitute teacher, Miss Wilson, arrived. The board found that, about the time Miss Wilson got to the classroom, a student, Everett Hill, jumped up and began muttering "ah man, ah man." Respondent noticed that liquid was coming from Hill's clothing and approached him "in a kind, cordial way of concern." Hill explained that a water balloon had burst but, due to Hill's refusal to remove the balloon or his hands from his pockets, the respondent feared that Hill might have something other than a balloon.[1] Respondent placed his hand on Hill's right bicep and Hill, in an attempt to spin away from respondent, slipped on the wet floor and fell to the ground.

It is at this point that the facts presented at the hearing take divergent streams. Eugene Smith, a second grade teacher, testified that she heard loud noises coming from the classroom above hers and went upstairs to investigate. She testified that when she arrived she observed the respondent sitting on Hill's back and pulling up on Hill's neck with his right arm and wrist. She further testified that Hill was "red as a piece of meat" and that respondent was yelling at him to "take it out" over and over again in a very loud voice. Dr. Stodghill, superintendent of the Wellston School District, testified that he examined Hill and found "scars" or deep scratches on his neck.

Miss Wilson, the substitute teacher, testified that Hill was belligerent and was "slapping" at respondent. She also testified that the student had a history of disruptive behavior and often challenged authority. Miss Wilson did not remember respondent choking Hill.

Respondent testified that he feared that Hill might be concealing a weapon of some type and that he was merely attempting to restrain him to find out what he had in his pocket. He denied deliberately choking Hill, explaining that the marks on Hill's neck may either have been caused when Hill slipped on the floor or were incidental to his attempt to restrain Hill.

The board found that respondent's actions violated school regulations relating to corporal punishment and terminated his employment.[2] Respondent filed a petition for review in the circuit court for St. Louis County on May 25, 1989, and on November 30, 1989, the circuit court reversed the

---

1. The object in Hill's pocket turned out to be a condom.

2. The school regulation relating to corporal punishment states "corporal punishment, as a measure of correction or of maintaining discipline and order in schools, is permitted. However, it shall be used only when all other alternative means of discipline have failed and then only in reasonable form and upon the recommendation of the principal. If found necessary, it should be administered preferably by the principal in the presence of the teacher. It should never be inflicted in the presence of other pupils nor without a witness.

 Corporal punishment should be administered only by swatting the buttocks with a paddle. When it becomes necessary to use corporal punishment, it shall be administered so that there can be no chance of bodily injury or harm. Striking a student on the head or face is not permitted.

 The teacher or principal shall submit a report to the superintendent explaining the reasons for the use of corporal punishment as well as the details and the administration of the same.

 A staff member may, however, use reasonable physical force against the student without advanced notice to the principal, if it is essential for self-defense, the preservation of order or for the protection of other persons or the property of the school district."

board, reinstated respondent and ordered the board to pay back pay. This appeal followed.

An appellate court sitting in review of an administrative agency reviews the findings and conclusions of the agency rather than the judgment of the circuit court. *Lile v. Hancock Place School District,* 701 S.W.2d 500, 504 (Mo.App., E.D.1985). In such a review, this court may only determine whether the board reasonably could have reached the decision it did. We may not substitute our judgment of the evidence and may not set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record, or is contrary to the overwhelming weight of the evidence. *Id.* In addition, the evidence must be considered in the light most favorable to the board's decision, together with all reasonable inferences where supported. *Id.* If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is evidence to support a contrary finding. *Ortbals v. Special School District of St. Louis County,* 762 S.W.2d 437, 439 (Mo.App., E.D.1988). Finally, the determination of the credibility of witnesses is a function of the administrative tribunal. *Ortbals,* 762 S.W.2d at 439 to 440.

 Appellant claims that there was sufficient evidence to support its termination of respondent. We have carefully reviewed all of the testimony of the parties involved and we feel compelled to agree. There is no doubt that physical contact between respondent and Hill occurred. The extent of the contact, the harm caused by it, and the intent involved were all matters in dispute at the hearing. While it is true that, were we hearing this case de novo, we would have difficulty reaching a conclusion different from that of the circuit court, this is not our function. The evidence supported two possible findings, the board chose to disbelieve the respondent's version of the events and there is credible evidence to support the board's findings.

We are thus bound by the board's determination.

Respondent claims that there was no evidence that his violation of the school regulation was "willful" or "persistent". RSMo section 168.114 (1986). We note, however, that RSMo section 168.114 only applies to indefinite contracts with permanent teachers. The evidence at the hearing revealed, however, that respondent was hired in the Wellston School District less than two years prior to his termination. A principal does not acquire the status of a permanent teacher until after he has served two years in that position. RSMo section 168.104(4). Consequently, respondent was a probationary teacher and the additional safeguards provided by section 168.114 did not apply to him.

Finding evidence to support the board's decision we reverse and remand for an order reinstating the board's previous order.

REINHARD and CRIST, JJ., concur.