**J. Herbert SIMPSON,
Plaintiff–Appellant,**

v.

**GALENA R–2 SCHOOL DISTRICT,
Defendant–Respondent.**

No. 17183.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 1991.

---

J. Patrick Sullivan, Law Offices of John R. Lewis, P.C., Kimberling City, for plaintiff-appellant.

Robert S. Wiley, Crane, for defendant-respondent.

PER CURIAM.

Plaintiff sought to recover $7,696.21 "as payment of uncompensated overtime". A written contract between the parties was ambiguous as to plaintiff's compensation. Following nonjury trial, judgment was entered in his favor for $795.59. Plaintiff appeals.

Rule 84.04(a) requires that an appellant's brief contain a statement of facts and points relied upon. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c).

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous". Rule 84.04(d). Neither the statement of facts nor the points relied on complied with Rule 84.04. Because of these deficiencies, nothing was preserved for review by this court.

The transcript reflects 173 pages of testimony. Appellant's statement of facts has nine references to the transcript. None of these references are to the testimony of witnesses presented by defendant, some of which testimony directly contradicts plaintiff's evidence. In addition, certain conclusions and arguments are stated in the statement of facts. As a result, respondent's brief contains over eight pages of facts. Appellant's statement of facts was less than three and one-half pages in length.

A statement of facts containing argument and failing to present material evidence presented by respondent supporting its position is not a fair statement of facts required by Rule 84.04(c). *Federbush v. Federbush*, 667 S.W.2d 457, 458 (Mo.App. 1984); *Pillow v. Sayad*, 655 S.W.2d 816 (Mo.App.1983).

Appellant's points relied on do not state "wherein and why" the trial court erred. Such points do not comply with Rule 84.-04(d). *Thummel v. King*, 570 S.W.2d 679, 684–687 (Mo. banc 1978); *Roden v. Tofle*, 779 S.W.2d 290, 293 (Mo.App.1989).

A gratuitous examination of the record reveals no error, plain or otherwise by the trial court. There was evidence to support the trial court's findings regarding the ambiguous portion of the contract.

The judgment is affirmed.

All concur.