In re the MARRIAGE OF Patrick
Anthony NEUMAN and Cheryl
Raye Neuman.

Patrick Anthony NEUMAN, Respondent,

v.

Cheryl Raye NEUMAN, Appellant.

No. 17380.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1991.

Charles M. Wesley, Waynesville, for appellant.

No appearance for respondent.

MONTGOMERY, Judge.

The marriage of Patrick Anthony Neuman and Cheryl Raye Neuman [1] was dissolved by decree entered October 25, 1990.

Cheryl appeals from the order of October 25, 1990. Her brief presents three assignments of error. We set forth the relevant provisions of the dissolution decree.

On page 2 the decree reads:

... that Plaintiff and Defendant (obviously meaning petitioner and respondent) are awarded joint legal custody of the minor child with primary physical custody of the minor child to Defendant; that Plaintiff is ordered to pay Defendant child support in the amount of THREE HUNDRED AND NO/100 DOLLARS ($300.00) per month until said child reaches the age of eighteen (18), marries or becomes emancipated. Said support is due and payable on the 5th day of each month after the date of the decree but said support shall abate for July of every year; that Plaintiff shall have reasonable and specific visitation with the minor child as follows:

a) Plaintiff shall have temporary custody for thirty (30) days beginning July

1. For convenience, we will refer to the parties by their respective first names.

1st each year; (other specific times of visitation set forth).

On page 4 the decree states:

IT IS FURTHER ORDERED THAT the costs of this action are taxed against Plaintiff and that each party shall pay their own attorney fees; that the minor child is not to be removed from the state of Missouri without court order; that Plaintiff is not to consume intoxicants when he has custody of Dylan.

The decree is silent concerning any award of maintenance to Cheryl even though the prayer of her "Counterclaim" requests "That plaintiff be ordered to pay to defendant $300 per month maintenance for 18 months."

Patrick filed no brief with this court. We review this case with only the aid of Cheryl's brief.

■ In her first point Cheryl complains that the trial court abused its discretion in awarding child support for an amount less than the statutory guidelines. Her complaint is valid.

The parties are the parents of one child, Dylan Patrick Neuman, born February 7, 1988.

Patrick is employed by the State of Missouri Highway and Transportation Department. Defendant's Exhibit 9 reveals his monthly gross income is $1,780. Cheryl is employed as a substitute teacher one to three days per month with a monthly gross income of $90. She also receives Aid to Families with Dependent Children (AFDC) in the amount of $292 monthly. Calculations of child support pursuant to Civil Procedure Form No. 14, Rule 88.01, requires that AFDC payments be excluded from gross income of the recipient. Therefore, Cheryl is only accountable for $90 monthly gross income from her substitute teaching.

Defendant's Exhibit 9 is the calculation of child support pursuant to Civil Procedure Form No. 14, Rule 88.01. Cheryl calculated the child support obligation on line 4(a) at $305 based on the combined monthly income of the parents. By extrapolation, the actual child support obligation on line 4(a) should be $301, rounded to the nearest whole dollar. The Statement of Income and Expenses filed with the court by Cheryl reveals that her day care center or baby-sitting expenses are $75 monthly. The reasonable work-related child care costs of the custodial parent are added in line 5 to the child support obligation derived from the schedule pursuant to Form 14. The correct line 5 amount is $376 of which Patrick owes 95 percent (rounded to the nearest percentage). Based on these calculations, the basic child support obligation of Patrick comes to $357.20 monthly yet the trial court awarded the sum of $300 monthly.

*Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991), teaches that an adjudication of an amount other than as calculated under Rule 88.01 is ineffective without "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." See *Allen v. Allen*, 811 S.W.2d 58 (Mo.App.1991). The trial court made no written finding or specific finding on the record that $357.20 monthly child support is unjust or inappropriate.

We reverse the child support order of $300 and direct the trial court to amend the decree to order Patrick to pay Cheryl the sum of $357.20 per month as child support for Dylan.

■ Cheryl next claims error because of the failure of the trial court to award her maintenance and a reasonable attorney fee.

Cheryl testified that she had completed 92 hours of college credit and would receive a bachelor's degree in elementary education with completion of 28 additional hours. She stated that her plans were to attend Drury College on a part-time basis to obtain her degree in elementary education.

Notably, the Statement of Income and Expenses of Patrick, filed with the court, shows his gross monthly wages to be $1,780 with his average monthly expenses amounting to $1,624. Yet, a similar income and expense statement filed by Cheryl indicates her gross monthly wages are $90 for

substitute teaching three days a month with her average monthly expenses amounting to $798.

We note that the standard of review to be applied in a court-tried case is that "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). We believe there is substantial evidence in the record to support an award of maintenance especially in view of the disparity of income between the parties and Cheryl's desire to soon become self-supporting.

■ Awards of limited duration are proper when the trial court has before it evidence that there is some reasonable expectation that the financial condition of the parties will change prior to the termination of the award. *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo.App.1981). Cheryl requested an award of maintenance for eighteen months to allow her to acquire a degree in elementary education. As a teacher she expected her earnings to be $17,500 yearly, making her self-sufficient. In *L.E.B. v. J.L.B.*, 768 S.W.2d 638 (Mo.App. 1989), the court affirmed a decree where the evidence supported limiting wife's maintenance award to one year. The wife was forty-two years of age and in good health with prior work experience. She was working part time as a bookkeeper at the time of dissolution because she had declined full-time employment. The evidence supported a reasonable expectation that one year would provide adequate time for wife to secure full-time employment and become self-sufficient.

Cheryl requested maintenance of $300 monthly for eighteen months. We believe that substantial evidence supports such an award and that the trial court erroneously applied § 452.335, RSMo Supp.1990, to the facts of this case.

In *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800 (Mo. banc 1983), the Supreme Court noted that § 452.335, RSMo 1978, (now § 452.335, RSMo Supp.1990), grants to the trial court wide latitude in decreeing spousal maintenance, and after giving due consideration to all of the factors which the statute enumerates, the court must undertake not only to set the amount payable but determine for what period the payment shall be made. The court further held that the statute plainly indicates that dependency of a spouse is not presumed but rather a spouse seeking maintenance is, in proper cases, to be encouraged and aided in becoming self-sufficient by education or training.

Rule 84.14 provides that we may give such judgment as the court ought to give. Here, the record reveals substantial evidence that Cheryl is entitled to non-modifiable maintenance for a limited duration to allow completion of her college education.

■ Cheryl complains further of the failure to award attorney fees. § 452.355, RSMo Supp.1990, allows the trial court to award attorney fees and costs after considering "all relevant factors including the financial resources of both parties...." Because of the maintenance award fashioned by this court, we cannot say that failure to award attorney fees was an abuse of discretion. See *Hanson v. Hanson*, 738 S.W.2d 429, 439 (Mo. banc 1987). The point is denied.

We reverse that portion of the decree which fails to provide maintenance and remand to the trial court for entry of an order requiring Patrick to pay Cheryl nonmodifiable maintenance in the amount of $300 monthly for a period of eighteen months.

In her last point, Cheryl challenges the joint custody award of Dylan, requesting that she have sole custody due to Patrick's drinking and abusive conduct. This point has no merit because Cheryl has failed to cite us to any authorities in her brief as required by Rule 84.04(d). This point is denied. See *Roden v. Tofle*, 779 S.W.2d 290 (Mo.App.1989).

The order of October 25, 1990, is reversed concerning the award of child support and maintenance. The case is remand-

ed for further proceedings consistent with this opinion. The remainder of the order of October 25, 1990, is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.