**Raymond M. INMAN, Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT NO. II OF HAYTI, Missouri, et al., Respondents.**

**No. 18294.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 25, 1993.

Diane C. Howard of Limbaugh, Russell, Payne & Howard, Cape Girardeau, for appellant.

James E. Reeves of Ward & Reeves, Caruthersville, for respondents.

MONTGOMERY, Presiding Judge.

Plaintiff, Raymond M. Inman, (hereinafter called Inman), brought this action

against defendants, Reorganized School District No. II of Hayti, Missouri, the school board members and superintendent (hereinafter collectively called School District). The Amended Petition generally alleged Inman was wrongfully terminated under the provisions of the "Teacher Tenure Act," §§ 168.102 to 168.130,[1] and the School District failed to perform performance-based evaluations of Inman, in violation of §§ 168.128 or 168.410.[2]

Later, both parties filed motions for summary judgment supported by affidavits of Inman and T.E. Stanford, Superintendent of the School District. The trial court denied Inman's motion and granted summary judgment in favor of the School District. Inman appeals.

The facts in the record reveal no significant dispute. Inman was hired "as a teacher" by the School District on January 1, 1971. He had no prior teaching experience in Missouri. Inman was reemployed on June 30, 1971, by an annual probationary teacher's employment contract as a junior high principal. He was reemployed by four annual probationary teacher's contracts and then by successive annual indefinite teacher's contracts as either junior or senior high school principal. On February 15, 1989, Inman received a letter from T.E. Stanford indicating he was not reappointed as principal for the 1989–1990 school year. He was later furnished a list of reasons for his termination. Inman demanded that he be recognized as a tenured teacher, but the School District only afforded him the opportunity to utilize the procedures provided under § 168.101, applicable to certificated teachers ineligible for permanent status under the Teacher Tenure Act.

We review the record on summary judgment in the light most favorable to the party against whom summary judgment was rendered, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert,* 739 S.W.2d 545, 546 (Mo. banc 1987). Sum-

mary judgment may be granted only when the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact. Rule 74.04(c); *Olson v. Auto Owners Ins. Co.,* 700 S.W.2d 882, 884 (Mo.App.1985). Summary judgment is appropriate only when the record discloses no theory that would permit recovery, and the moving party is entitled to summary judgment as a matter of law. *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 244 (Mo. banc 1984). An appellate court must consider whether there is a material issue of fact in dispute and whether the prevailing party was entitled to judgment as a matter of law. *Y.G. v. Jewish Hosp. of St. Louis,* 795 S.W.2d 488, 494 (Mo.App.1990).

Inman's first point urges that the trial court erred in holding that he was not entitled to the protection of the Teacher Tenure Act because he had gained status as a "permanent teacher" as defined by said Act. The School District argues that Inman was not a permanent teacher under the Act, but rather he was a principal whose status is governed by the provisions of § 168.101. We agree with the School District.

Missouri's Teacher Tenure Act, §§ 168.-102 to 168.130, was passed by the general assembly in 1969. Section 168.101 was enacted in 1973. *Williams v. Board of Ed., Cass R–VIII Sch. Dist.,* 573 S.W.2d 81 (Mo.App.1978), is one of the first cases to discuss the distinctions between the two statutes in a situation similar to this case.

*Williams* held that "[t]he employment and reemployment of a principal, therefore, are governed not by The Teacher Tenure Act which specifically excludes that position from its terms, but necessarily by § 168.101 which concerns all certificated employees ineligible for permanent status under The Teacher Tenure Act." *Id.* at 85. *Williams* was decided with reference to §§ 168.102 to 168.130, RSMo 1969, and

1. Statutory references are to RSMo 1986 unless otherwise indicated.

2. This same case was before us in *Inman v. Reorganized School District No. II,* 814 S.W.2d

671 (Mo.App.1991), where we reversed the ruling of the trial court which dismissed plaintiff's Amended Petition for failure to state a claim.

§ 168.101, RSMo Cum.Supp.1975. Certain portions of these statutes have been amended as we later discuss.

Three years later, under the same statutory scheme as *Williams, Fuller v. North Kansas City School Dist.*, 629 S.W.2d 404 (Mo.App.1981), was decided. Fuller's petition alleged he was wrongfully terminated under the Teacher Tenure Act. The school district alleged his dismissal was under the provisions of § 168.101.

Fuller was first employed as a grade school principal in July 1959 and reemployed in that capacity until June 1975. Prior to 1959, Fuller had been employed as a principal in another district in Missouri but never as a teacher. Fuller was notified of his lack of reemployment on April 11, 1975, in conformity with § 168.101(3). At the close of the evidence, the trial court directed a verdict in favor of the school district. On appeal, Fuller claimed he was entitled to tenure as a teacher under the Teacher Tenure Act (the same claim as Inman makes). The determinative question in *Fuller* (as here) was whether § 168.101 or § 168.104 applied to Fuller's status when he was not reemployed.[3] The Court in *Fuller* determined:

[§ 168.104.(4)] plainly contemplates only situations involving *permanent teachers* who are employed as principals. If a permanent teacher is promoted to principal within the same school district in which permanent teacher status was attained, no permanent status is enjoyed in the *principal* position, but *permanent status is retained* as a teacher. If a *permanent teacher* is first employed as a principal in another school district, again there is no tenure in the principal position, but "after serving two years as principal or assistant principal, shall have tenure as a permanent teacher *of that system*" (the new district).

....

Whether or not a person employed or promoted to the post of principal enjoys tenure under the Teacher Tenure Act, under either theory of the parties, depends upon a showing that he has been "employed as a teacher" for a definite period of time and is therefore a "permanent teacher". The reason is obvious. The tenure period is a trial period (five years in Missouri) during which the employing authority can gauge the skills and competence of the teacher and during which the teacher can perfect those values before permanent tenurial contracts of employment are made.

*Id.* at 409.

In making this determination, *Fuller* relied on the *Williams* case and the definition of a "teacher" in § 168.104(7) (later amended), which excludes "superintendents, assistant superintendents, and any other persons regularly performing supervisory functions as their primary duty." The directed verdict was affirmed after the Court concluded Fuller "was not a teacher under the Teacher Tenure Act, much less a 'permanent teacher'". *Id.* at 410.

On the heels of *Fuller*, this Court decided *Meloy v. Reorganized School Dist.*, 631 S.W.2d 933 (Mo.App.1982). The facts and contentions on appeal in *Meloy* were almost identical to those in *Fuller*. Relying exclu-

---

**3.** Pertinent provisions of § 168.101 and § 168.-104(4) and (7), in effect when *Fuller* was decided, read:

**168.101. Employment of certificated teachers ineligible for permanent status under the teacher tenure act....** 1.... the school board or board of directors of a school district ... may ... contract and employ legally certificated teachers not employed as superintendent of the district and not eligible under section 168.104, RSMo 1969, to gain permanent status or tenure in the position held within the school system....

....

§ 168.104(4) (under Definitions):

**"Permanent teacher"**, any teacher who has been employed ... as a teacher in the same school district for five successive years and who has continued ... to be employed as a full-time teacher by the school district; .... Any permanent teacher who is promoted with his consent to a position of principal or assistant principal, or is first employed by a district as a principal or assistant principal, shall not have permanent status in such position but shall retain tenure in the position previously held within the district, or, after serving two years as principal ... shall have tenure as a permanent teacher of that system; ....

sively on *Fuller*, this Court affirmed a judgment in favor of the school district.

Subsequent to *Fuller* and *Meloy*, Inman claims a "legislative fix" occurred when the general assembly amended certain provisions of § 168.104 in 1983.[4] Inman believes that the amended definition of "teacher" (§ 168.104(7)) makes *Fuller* and *Meloy* inapplicable to his case. However, the definition of "permanent teacher" was likewise amended, and Inman clearly seeks the status of a permanent teacher. The two amended definitions provide as follows:

(Amendment language adopted in 1983 is set forth in bold letters. Bracketed [ ] language was deleted.)

168.104(4). "Permanent teacher", any teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a full-time teacher by the school district **or any supervisor of teachers who was employed as a teacher in the same school district for at least five successive years prior to becoming a supervisor of teachers and who continues thereafter to be employed as a full-time certificated employee by the school district;** ....
Any permanent teacher who is promoted with his consent to a [position of principal or assistant principal] **supervisory position including principal or assistant principal,** or is first employed by a district [as a principal or assistant principal] **in a supervisory position including principal or assistant principal,** shall not have permanent status in such position but shall retain tenure in the position previously held within the district, or, after serving two years as principal or assistant principal, shall have tenure as a permanent teacher of that system;
....
(7) "Teacher", any employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certi-

fication of teachers, except superintendents and assistant superintendents [and any other persons regularly performing supervisory functions as their primary duty].

Inman argues the bracketed language in § 168.104(7), deleted after *Fuller*, caused him to fit the definition of "teacher." Inman claims he was employed by a nonmetropolitan school district, he was regularly required to be certified under laws relating to the certification of teachers, and he was not a superintendent or an assistant superintendent. Candidly, Inman then admits that the definition of "teacher" must be considered in relation to the definition of "permanent teacher" in § 168.104(4).

When the amended definition of teacher is applied to § 168.104(4), Inman claims he has been employed as a "teacher" in the same school district for five successive years, and "thereafter continued to be employed as a full-time 'teacher' by the School District. Therefore, [Inman] is also a permanent teacher under Section 168.-104(4)...." He further argues he gained tenure as a teacher after serving two years as a principal with the district.

To support his ingenious argument, Inman relies on two cases decided after the 1983 amendments. Those cases are *Elrod v. Harrisonville Cass R–IX Sch. Dist.*, 706 S.W.2d 465 (Mo.App.1986), and *Hudson v. Wellston School Dist.*, 796 S.W.2d 31 (Mo. App.1990). According to Inman, both cases "held contrary to the *Fuller* decision, and did hold that the principal did gain or would gain 'permanent teacher' status after serving two years as principal."

First, the *Elrod* case. Crucial to the understanding of this case is the fact that Elrod had been with the Hickman Mills School District eight years just previous to his employment by the defendant school district. Elrod was employed by defendant school district in 1978 as a probationary teacher and then served two years as an

---

**4.** The amendments were added by Laws of 1983, H.B. 815, effective August 1, 1984, and now appear in § 168.104, RSMo 1986. Additional amendments to this statute and § 168.101 have

occurred since Inman's discharge in 1989. Our decision is not affected by the later amendments.

assistant principal at the junior high school. Under these facts the Court of Appeals determined Elrod "earned permanent status—tenure *as a teacher.* § 168.104(4);" *Id.* at 470, *citing Fuller.* Continuing the Court said:

> In year 1980–1981, by now a teacher invested with tenure by virtue of the successive employments as an assistant principal, Elrod once again served as assistant principal. Thus, his contract for that school year was as a permanent teacher employed as an assistant principal: a tenured teacher in service as an untenured administrator.

*Id.*

Inman believes the above language is contradictory to *Fuller* which held that § 168.104(4) "plainly contemplates only situations involving *permanent teachers* who are employed as principals." 629 S.W.2d at 409. Inman fails to understand that Elrod had gained "permanent teacher" status in the Hickman Mills School District by virtue of five successive years of employment in the same school district prior to his employment with the defendant school district. Elrod had permanent teacher status at the Hickman Mills School District when hired by defendant school district. He became a permanent teacher in his new school district after serving two years as assistant principal. That scenario was exactly the situation described in *Fuller* when the Court said:

> If a *permanent teacher* is first employed as a principal in another school district, again there is no tenure in the principal position, but 'after serving two years as principal or assistant principal, shall have tenure as a *permanent teacher* of that system' (the new school district).

*Id.* at 409.

*Elrod* does not hold contrary to *Fuller,* but relies on *Fuller* and simply does not support Inman's contention that he gained permanent teacher status after serving two years as principal.

Next, *Hudson* is factually unrelated to the instant case. Hudson was hired as an elementary school principal and served in that capacity less than two years prior to his termination. After an altercation with a student, the school board found that Hudson's actions violated school regulations regarding corporal punishment and terminated his employment. Upon Hudson's petition for review, the circuit court reversed the school board, ordered reinstatement and back pay. In reversing the case on appeal, the appellate court agreed with the school board that the evidence was sufficient to support Hudson's termination. Hudson argued in vain that § 168.114 (grounds necessary for termination of a permanent teacher) applied to his case. The court answered that contention, noting Hudson's employment of less than two years, by saying § 168.114 "only applies to indefinite contracts with permanent teachers." 796 S.W.2d at 33. With that determination the issue was decided. Only by dictum did the *Hudson* court observe that "[a] principal does not acquire the status of a permanent teacher until after he has served two years in that position." *Id.* We find nothing in *Hudson* that aids Inman's position here nor is the case contrary to *Fuller.*

Relying on *Stiffelman v. Abrams,* 655 S.W.2d 522, 531 (Mo. banc 1983), Inman argues that we must recognize the rule of statutory construction that requires the 1983 amendment to be interpreted in a fashion that gives some force and effect to it; that we must presume the legislature did not act in vain but intended to effectuate a change by the amendment. *Stiffelman* also recognizes that our duty is to " 'determine and give effect to the intent of the legislature.' " *Id.* at 528.

■ We find no legislative intent to expand the definition of "teacher" such as Inman suggests. From the inception of the Teacher Tenure Act, a principal was required to first be a "permanent teacher" in order to have teacher tenure. That is the teaching of *Fuller.* Gaining teacher tenure only comes from a five-year trial period where the teacher's skills and competence have been exhibited and gauged by the school district. *Fuller,* 629 S.W.2d at 409. A school district employee, like Inman, who has never exhibited such teacher

skills to any school district is ineligible to be a permanent teacher and gain tenure. Those employees are subject to § 168.101, and Inman does not argue his termination violated that statute. By the 1983 amendment, supervisors were no longer excepted from the definition of "teacher."[5] With the amendment the legislature placed supervisors under the definition of "permanent teachers," clarifying that a supervisory position includes a principal or assistant principal. Thus, the legislature intended that supervisors, principals, and assistant principals be considered "permanent teachers" only if they meet the criteria in subsection (4). The effect of the *Fuller* decision, as to principals, remains unchanged by the 1983 amendment.

Apparently, Inman has proven to be an unsatisfactory principal. He has never proven himself as a teacher and lacks necessary experience in the teaching field to gain tenure. These facts expose the fallacy of Inman's argument. Surely it would be absurd for this Court to hold that Inman becomes a tenured teacher after only an unsatisfactory performance as a principal. The legislature certainly did not intend this result. Point I is denied.

■ The second point claims the trial court erred in determining Inman's petition stated no claim for failure of the School District to evaluate him, in violation of either § 168.128 or § 168.410, which requires comprehensive performance based evaluations on teachers or administrators.

Inman supports this point without citation of any reported authority[6] and with approximately one page of argument. He does not indicate that citations of authority are unavailable.

■ Points relied on must be supported with citations of authority thereunder. Rule 84.04(d). If the point of error is one for which precedent is appropriate and available, it is the obligation of appellant to cite relevant authority if he expects to prevail on appeal. *Black v. Cowan Constr. Co.*, 738 S.W.2d 617, 619 (Mo.App.1987). If the point of error is one for which it does not appear that precedent for or against the point is available, the appellant should so state, with an explanation of why citations are unavailable. *Roden v. Tofle*, 779 S.W.2d 290, 293 (Mo.App.1989). The requirements of Rule 84.04(d) are mandatory. *Id.* A point of error unsupported by a citation of relevant authority is deemed abandoned. *Wright v. Martin*, 674 S.W.2d 238, 242 (Mo.App.1984). We consider Point II abandoned.

■ The last point, as we define it, argues Inman properly stated a claim for breach of contract against the School District because his yearly contracts, since 1975, were entitled "Teacher's Employment Contract (Compliance with Section 168.104, Laws, 1969, Indefinite Contract)." The contracts also contained language that the "contract shall continue in force from year to year, until modified or terminated in accordance with the provisions of the Teacher Tenure Act...." Thus, says Inman, the contracts establish his status as a permanent teacher.

This contention is answered adverse to Inman in *Elrod.* First, it must be understood there is no dispute that Inman performed duties solely as a principal from June 30, 1971, to 1989. Second, in spite of Inman's service only as a principal, his series of contracts were on a printed form designed for permanent teacher employment.

In *Elrod,* the Court was required to determine whether Elrod's contract was "to teach or to administrate." 706 S.W.2d at 470. His contract was on a printed form very similar to Inman's contracts. The length, salary and travel expense terms of Elrod's contract were akin to those found

---

5. The definition of "teacher" under the Teacher Tenure Act has never specifically excepted principals. Cases, like *Fuller,* indicate the view that the supervisor *exception* did include a *principal.*

6. Inman does refer us to an unreported case in the U.S. District Court, Western District of Missouri, styled *Hendrick v. Seneca R–VII School Dist.,* Case No. 88–5152–CV–SW–1. He fails to furnish us with any information, attached to his brief or otherwise, concerning this case. His effort lacks persuasive effect.

in an administrator's contract, but not a teacher's. The Court followed the principal that "[t]he general law of contracts applies in the construction of contracts with educators.... [T]he intention of the contractors governs, and that intention is drawn from what the terms say in light of the circumstances at the time of the contract event." *Id.* at 471. The Court concluded:

> We have already noted that the fortuity that a contract between a school district and an educator is on a printed form designed for permanent teacher employment [but devoid of description of employment assignment] does not per se prove that the contract was to teach nor preclude evidence of the employment intended. *Willett v. Reorganized School District No. 2*, 602 S.W.2d 44, 47[4] (Mo. App.1980). We conclude also that the full evidence allows no inference that the contract intended the Elrod employment as an assignment *to teach* but allows inference only that the assignment was *to administrate.*

*Id.* 706 S.W.2d at 472.

Here, Inman clearly contracted to administrate, not teach. The record is devoid of any facts other than the parties' clear intention that Inman act as principal. His printed form contract designed for permanent teacher employment does not per se prove the contract was to teach. The form must yield to the parties' intention that Inman's assignment was to administrate. Point III has no merit.

The judgment is affirmed.

FLANIGAN and PREWITT, JJ., concur.