**Henry C. COLLINS, Jr., Plaintiff–Respondent,**

v.

**Edward G. FINLEY, Defendant–Appellant,**

and

**Rose Finley, Defendant.**

**No. 19209.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 1994.

William Icenogle, W. James Icenogle, Icenogle & Icenogle, Camdenton, for plaintiff-respondent.

Jon A. Kaltenbronn, Lake Ozark, for defendant-appellant.

PREWITT, Judge.

Plaintiff leased real estate to defendants by a 99–year lease. Defendants occupied the property as their residence and disputes between plaintiff and defendants arose. Plaintiff initiated this action requesting the trial court to enjoin defendant-appellant Edward G. Finley from altering the building and threatening or harassing plaintiff's employees and lessees; to declare the lease between plaintiff and defendants terminated; for various damages and possession of the leased premises. Defendants answered and counterclaimed, claiming breach of contract, fraud and requesting rescission of the lease.

Following nonjury trial defendants' counterclaim was denied and plaintiff, except for the amount of damages, essentially received the relief requested. Defendant Edward G. Finley appeals, presenting three points relied on.[1]

Review of this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Ross Farms, Inc. v. Moore*, 873 S.W.2d 308, 309 (Mo.App.1994). On appellate review of a case tried without a jury "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2).

Under his first point defendant cites no authority. In most situations Rule 84.04(d) requires that points relied on be supported by citations of authority. *Inman*

---

**1.** Previous to trial the guardian and conservator of defendant Rose Finley was substituted for her. The notice of appeal purported to be filed in both defendants' names but only defendant Edward G. Finley filed a brief here.

*v. Reorganized School Dist. No. II,* 845 S.W.2d 688 (Mo.App.1993). If a point of error is one for which precedent is appropriate and available, it is appellant's obligation to cite relevant authority. *Id.* at 694. "The absence of citation of relevant authority for points relied on, when such authority is available, justifies an appellate court to consider the point abandoned." *Ray v. Upjohn Co.,* 851 S.W.2d 646, 656 (Mo.App.1993).

No reason appears why relevant authority would not be available and appellant does not state why none is cited. "If the point of error is one for which it does not appear that precedent for or against the point is available, the appellant should so state, with an explanation of why citations are unavailable." *Inman,* 845 S.W.2d at 694. The point is abandoned.

■ For his second point defendant-appellant contends that the trial court erred in awarding damages to plaintiff in that "it was undisputed at trial that appellant had purchased and was the owner of all contents of Unit 6–D, Autumn Village and there was no evidence before the court as to the proper measure of damages."

As earlier mentioned, the interest acquired by defendants was through a lease. The trial court found, and there is little if any dispute, that defendant-appellant violated the terms of that lease by removing from the property multiple items, the large part of which were clearly part of the realty. Appellant's only authority under this point is *Helton v. City of St. Joseph,* 340 S.W.2d 198, 199 (Mo.App.1960). That case is cited as authority that the trial court did not follow the proper measure of damages.

*Helton,* states:

"While the general rule is that the measure of damages in a case of this kind is the difference between the market value of the realty immediately prior to being damaged and immediately thereafter yet, where the damage is small in comparison to the total value of .the property and is readily ascertainable and where the verdict is not excessive, the amount of such damage may be arrived at by determining the cost necessary to restore the property to its former condition."

There was evidence received, without objection, of the cost to restore the property by replacing each item taken. Under the evidence the trial court could properly determine that this was the proper measure of damages. The items removed were individually small in value in comparison to the property. There was evidence from plaintiff of approximately 160 items taken, ranging in value from that of toilet seats to a furnace and air conditioner. Defendant–Appellant testified he took them.[2] Point II is denied.

■ Defendant–Appellant contends in his remaining point that the trial court erred in excluding certain evidence that he sought to offer regarding the count of the counterclaim based on fraud. Under Rule 73.01(a)(1), "cases tried without a jury", where "the evidence is ruled inadmissible the court upon request shall take and record the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the evidence is privileged." Such a procedure can aid this court as Rule 73.01(c)(3) provides that on appeal the "court shall consider admissible evidence which was rejected by the trial court and preserved."

■ Here, neither a request that the court take and record the evidence, nor any type of offer of proof was made. There is no indication that the evidence sought to be presented was privileged. Generally, appellate courts do not review excluded evidence without a specific and definite offer of proof. *In Interest of L.J.M.S.,* 844 S.W.2d 86, 95 (Mo.App. 1992). The narrow exception discussed in *L.J.M.S.* is not shown to apply here. *See also Dunkin v. Reagon,* 710 S.W.2d 498, 499 (Mo.App.1986) (proper procedure for offer of proof is to put the witness on the stand and propound questions). As no offer of proof was made, this point is not preserved for appellate review.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.

---

**2.** Damages for removing the items were assessed

only against defendant-appellant.