**BARNHART PROPERTIES, INC., Appellant,**

v.

**Billy Ray CARVER, Respondent.**

**No. WD 49117.**

Missouri Court of Appeals, Western District.

Feb. 7, 1995.

Carl E. Laurent, Pamela J. Taylor, Independence, for appellant.

Darcy V. Hennessy, Kansas City, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

Barnhart Properties, Inc., and Billy Ray Carver own neighboring property in Jackson County. Both claim a strip of land between their property. When Barnhart Properties became aware of Carver's claim to the land, it filed a petition to quiet title. Carver counterclaimed asserting adverse possession. The trial court ruled for Carver after deciding that title had passed to a previous owner, George Morris, by adverse possession on January 1, 1969. Barnhart Properties appeals, and we affirm the judgment.

H.W. and Carrie Bower owned the property held by Barnhart Properties and Carver as a single tract until December 31, 1959, when they sold a section to John and Mary Barnhart. The Bowers' heirs sold the tract held by Carver to George Morris on June 26, 1968. The Bowers and their heirs continued to treat the disputed tract as theirs after the Barnhart sale.

On June 2, 1965, the Barnharts sold their property to the Missouri Water Company, and on March 31, 1986, the Missouri Water Company sold it to the City of Independence.

On March 30, 1987, the City of Independence sold it to Barnhart Properties. During the time that the Missouri Water Company and the City of Independence held title to the property, neither entity improved, maintained or used it for public use.

Carver contended to the trial court that the south boundary of his tract is a fence line which has existed for more than 50 years.[1] Morris also believed that the fence line was his tract's south boundary. In 1968, Morris erected a new fence along the same line. From 1967[2] to 1991, he maintained the fence line by mowing the grass on the disputed property. Carver continued to maintain the fence line after he purchased the property from Morris in 1991.

As a preliminary matter of this appeal, Carver points out that Barnhart Properties does not challenge the trial court's findings of fact that:

> ... After Bower sold the Barnhart property, and until his heirs sold the Carver Property to George Morris [in 1968], the Bowers and their heirs continued to maintain and otherwise assert exclusive and open and notorious possession and control over the Disputed Property up to and including the fence line on the South end of the property.

> . . . .

> ... From 1967 to 1991, Morris maintained the fence line and concrete drain, mowed the grass in the Disputed Property, and otherwise exclusively maintained open and notorious control and possession of the Disputed Property.

Carver asserts that all five of Barnhart Properties' points relied on erroneously contend that the trial court, in considering adverse possession, could examine only the 10–year period immediately preceding the filing of Barnhart Properties' present action (i.e. 1982 to 1992). Barnhart Properties replies, "[Carver] prefaces [his] response to the issues on appeal by devoting time to certain issues that are not before this court on appeal. [Barnhart Properties], for the sake of relevance and brevity, will not take issue with non-issues[.]" We agree with Carver that if we conclude that the trial court could examine the property's use as of a date earlier than the last 10 years, then all of Barnhart Properties' arguments must fail because Barnhart Properties does not contest the trial court's finding that title passed to Morris on January 1, 1969, by adverse possession.

Barnhart Properties contends that § 516.010, RSMo 1986, obligates the trial court to examine only the 10–year period immediately preceding the commencement of the action.[3] Barnhart Properties argues, "Since the action was commenced in March of 1992 with the filing of the petition, the court was obligated to look only to the ten year period from March of 1982 to March of 1992." We disagree.

Section 516.010 states:

> No action for the recovery of any lands ... shall be commenced, had or maintained by any person ... unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action.

The statute does not say what Barnhart Properties contends it does. It does not require that the transfer of title by means of adverse possession occur within 10 years of

---

1. Barnhart Properties contends that the fence line is beyond the true boundary of Carver's property by as much as 24.5 feet.

2. Morris rented the property for a year and a half before purchasing it in 1968.

3. Barnhart Properties also contends that the trial court erroneously declared and applied

§ 516.010 by declaring title passed to Morris, a nonparty. Barnhart Properties, however, cites no authority in support of its contention, and it does not assert that the issue is a matter of first impression. Hence, we deem the point abandoned. See *Inman v. Reorg. Sch. Dist. No. II of Hayti*, 845 S.W.2d 688, 694 (Mo.App.1993).

the action's commencement.[4] Missouri courts have rejected this view for many years. The courts have consistently held that the 10-year period required for adverse possession need not be the 10-year period immediately preceding the filing of the lawsuit. *Moore v. Hoffman,* 327 Mo. 852, 39 S.W.2d 339, 344 (1931); *Witt v. Miller,* 845 S.W.2d 665, 668 (Mo.App.1993).

■ When the statutory period for adverse possession runs, the possessor is vested with legal title and the record owner is divested. *Id.* Hence, Carver owns the disputed property by reason of chain of title. Barnhart Properties' point is without merit; hence, all of its points must fail.

The judgment of the trial court is affirmed.

All concur.

4. We need not decide what the statute *does* require. We resolve the issue by determining that it does not mean what Barnhart Properties contends.