## STATE of Missouri ex rel. The MISSOURI BOARD FOR ARCHITECTS, PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Respondent,

v.

## Mart HENIGMAN, Appellant.

### No. 20938.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 16, 1997.

Connie J. Clark, Osage Beach, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Mark Dean, Assistant Attorney General, Jefferson City, for respondent.

PREWITT, Judge.

Respondent sought a permanent injunction against Appellant to prevent him from practicing architecture without holding a valid certificate of registration or certificate of authority to practice architecture or engineering in Missouri. Summary judgment was entered in favor of Respondent, permanently enjoining Appellant from engaging or offering to engage in the unlawful architecture, as defined in § 327.091—.101, RSMo 1994, until he obtains a certificate of registration or certificate of authority from Respondent. Appellant appeals, presenting six points relied on.

"When considering appeals from summary judgment, the court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–Am Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The adverse party is accorded the benefit of all reasonable inferences from the record. *Id.* This means that if movant requires an inference to establish his right to summary judgment and the record reasonably supports any other inference, a genuine dispute exists and movant's prima facie showing fails. *Id.* at 382.

For his first point, Appellant contends that the court erred in granting a permanent

injunction "because even if the allegations of Respondent's petition were true as alleged, the issue was moot, in that Appellant had ceased any activity prior to filing of Respondent's petition and no further activity was threatened." Appellant acknowledges that the trial court determined that Appellant had admitted many of the allegations in the petition and does not appear to dispute that this occurred, but asserts that "there was no threat of any activity to enjoin, and there hadn't been any threat of any activity to enjoin in years."

■ It was established that prior to the incident leading to this action Appellant had been warned about preparing plans in violation of §§ 327.091 and 327.101, RSMo 1994. It would be hard for Respondent to know what Appellant intended to do in the future and such proof would be difficult, if not impossible. If Respondent had to wait to seek an injunction until after Appellant committed an improper act of practicing architecture without a license, then the same argument could be made every time and an injunction would never be issued. In addition, Respondent appears to have met its burden required by § 327.075, RSMo 1994. It is only necessary for Respondent to establish that Appellant practiced architecture without being licensed to do so. *See State ex rel. Mo. State Board of Registration For Healing Arts v. Southworth,* 704 S.W.2d 219, 225–26 (Mo. banc 1986). Point I has no merit.

■ For his second point, Appellant contends that the trial court erred in granting a permanent injunction "without a full hearing on the merits ... in that material facts in regard to the act performed and the possibility of its reoccurrence were contested issues." There may have been some facts in dispute, but not those that would have prevented summary judgment. At least some of the acts complained of were admitted, entitling Respondent to the injunction. Summary judgment provides for specific procedures, including hearing. *See* Rule 74.04. There is no complaint that this rule was not followed. The hearing on the summary judgment was a sufficient hearing to grant the permanent injunction when there were undis-

puted facts entitling Respondent to such an injunction. Point II is denied.

■ Under Point III, no authority is cited, either under points relied on or in the argument. Therefore, this point is deemed abandoned. When relevant authority is available and not cited, and Appellant does not state why none was cited, nothing is preserved for judicial review. *Collins v. Finley,* 886 S.W.2d 943, 945 (Mo.App.1994).

■ For his fourth point, Appellant contends that the court erred in considering a letter which he wrote, and certain plans which he apparently prepared, as they were hearsay. The letter was admissible as an admission of a party. *See Dine v. Williams,* 830 S.W.2d 453, 457 (Mo.App.1992). Appellant did not dispute in the trial court that he drew the plans. Point IV is without merit and is denied.

For his fifth point, Appellant contends that the trial court erred "because its order is against the weight of the evidence" because Respondent "failed to establish a specific act performed by Appellant and the consequences of such act, and failed to establish any threat of its reoccurrence, to require enjoining such activity." The evidence is not weighed in considering summary judgment and the discussion in Point I above disposes of these contentions.

For his remaining point, Appellant asserts that the trial court erred "because the language of the permanent injunction is vague in that neither Appellant nor subsequent courts can determine the acts that would constitute a violation of said order without the need to review other documents and the need for another hearing."

■ The trial court is vested with broad discretionary power to shape the relief it grants. *Blackburn v. Richardson,* 849 S.W.2d 281, 292 (Mo.App.1993). An injunction must be specific enough so as not to be subject to misunderstanding and confusion by those against whom it is directed. *Id.* Here, the order is probably as specific as it can be without quoting at length from the statutes referred to in the order.

Obviously, if there is an alleged violation of the order, there may have to be reference to documents to determine if they were prepared by Appellant, and whether they constitute the practice of architecture. Thus, there may have to be a hearing to determine if Appellant violated the injunction. That a hearing might be required which would call for the review of documents does not in and of itself make the injunction defective. The injunction here appears substantially like that ordered by the Supreme Court in *Southworth*, 704 S.W.2d at 226. Point VI is denied.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.